JAMES GROGAN *vs.* CITY OF WORCESTER.

Worcester. Sept. 28. — Oct. 24, 1885. FIELD, C. ALLEN, & GARDNER, JJ., absent.

If a person steps into a drain running across the sidewalk of a street in a city, and, stumbling, falls over an embankment by the side of the street, which is unprotected by a railing, into an adjacent sewer, and is injured, a notice to the city stating the lack of a railing as the cause of his injury is a sufficient compliance with the St. of 1877, *c.* 234, § 3.

TORT for personal injuries occasioned to the plaintiff by a defect in Lamartine Street in the defendant city. Trial in the Superior Court, before *Gardner,* J., who allowed a bill of exceptions, in substance as follows:

The plaintiff offered evidence tending to prove that, on December 17, 1881, he gave the defendant the following written notice: "You are hereby notified that James Grogan of said Worcester, at or about 6h. 30m. P. M. on the twenty-first day of November, A. D. 1881, was travelling on foot on Lamartine Street in said Worcester, and upon that part of said street next easterly of the stone bridge over the sewer or canal; that said street at that place was then and there out of repair and defective for the lack of sufficient railing upon the northerly side of said street next easterly of said sewer. Said sewer was also defective because of the lack of sufficient railing at said point. The ground at said location sloped abruptly for several feet, making it unsafe and dangerous for public travel, and while said Grogan was then and there travelling, by reason of said lack of railing on said street and sewer and of said abruptness, he fell down the bank into said sewer and was greatly injured. Said defect might have been remedied and the injury might have been prevented by reasonable care and diligence on the part of said city. And that action is to be brought against said city to recover the amount of the damages sustained as aforesaid, and this notice is given within thirty days of the time of said accident, in accordance with the provisions of chapter 234 of the laws of 1877." It appeared that said Lamartine Street was not a public way, but was a private way uniting directly with Millbury Street, a public way in said city.

The plaintiff testified that, in the evening of November 21, 1881, he was walking on the northerly side of Lamartine Street; that it was dark, and he could not see; that he had reached a point from five to seven feet, more or less, from the end of a bridge over the canal or sewer, when he stepped into a kind of drain, made of dirt and not bricked, which ran across the sidewalk diagonally; and that he stumbled and fell headlong into the sewer, not being able to get control of himself from the time he first stumbled until he struck on the bottom of the sewer. He described the drain or gully into which he stepped as being a foot deep on the side of the walk towards the middle of the street, and deeper on the outside towards the sewer, and as descending towards the sewer. On cross-examination, he testified that he stepped into the drain or gully, and fell; and that that was the cause of the accident.

There was evidence tending to show that, in 1872, the sewer or canal and the bridge were built by the city; that since then the street and bridge had been used as a way; that the embankment was within two feet of the sidewalk; that the inclination or declivity continued from the side of the street to the canal; and that, at the point where the plaintiff stumbled, there was a retaining wall, extending from the end of the bridge as it spanned the canal to said point, and farther west. There was no other evidence as to how the accident happened, the plaintiff being alone at the time. He called two other witnesses, who described the gully or drain in about the same manner as the plaintiff, there being some slight difference in the witnesses' testimony as to the precise distance of the gully from the end of the bridge.

It appeared that there was no railing on Lamartine Street where the plaintiff fell over; that there was no notice that Lamartine Street was dangerous, as is provided by the Pub. Sts. c. 49, § 95; and that there was no railing by the side of the canal or sewer.

The defendant asked the judge to rule that the notice was not sufficient to warrant a verdict on the evidence, and to direct a verdict for the defendant; but the judge refused so to do. The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*F. P. Goulding,* for the defendant.

*W. A. Gile,* (*D. F. O' Connell* with him,) for the plaintiff.

HOLMES, J. The defendant argues that the cause of the injury to the plaintiff was the drain across the sidewalk which made him stumble; that the want of a fence, which would have prevented his falling into the sewer, was merely an aggravation of the damage ensuing upon an already accomplished wrong; and therefore that the notice stating the lack of railing as the cause was bad. But the cause of which the statute requires notice to be given to the city is that one among the conditions of the effect for which the city is answerable. It is admitted that the notice was good, unless the drain was a defect. It would be a sufficient answer to the defendant's argument, therefore, to say that it does not appear with certainty that the drain was a defect for which the city was responsible, however probable it may be. Furthermore, it does not appear that the plaintiff would have been hurt if he had not fallen into the sewer; and, even if we were to assume that the drain across the sidewalk was a defect, as well as a necessary condition of the injury, we think it would be interpreting the statute with too great strictness and excessive refinement to say that it was not satisfied by stating the proximate cause of the injury complained of. See *Stevens* v. *Boxford,* 10 Allen, 25.        *Exceptions overruled.*