HENRY P. DEGRAAF, Appellant, *against* JACOB F. WYCKOFF, Respondent.

(Decided December 28th, 1885).

Bonds, with coupons for interest attached, were pledged by the maker of certain promissory notes as security for the payment of the notes, and, upon the payment of interest on the notes, coupons for the corresponding period were detached from the bonds and delivered to him. *Held,* that the coupons so detached and in his possession, did not pass under an assignment by him of all claims and demands then held by him, against the company issuing the bonds and coupons, for money lent or advanced, including also "any portion of said bonds or the money that may be secured thereby;" and that the legal effect of such assignment in this respect, its terms being unambiguous, was for the court to decide, and should not have been submitted to the jury upon the question of intent.

In an action for the conversion of such coupons the complaint alleged that plaintiff was the owner of a certain number of coupons, each of a nominal and actual value of a specified sum, issued by a company designated by its corporate name, in connection with its first mortgage bonds. *Held,* that the absence of any denial of these allegations in the answer operated as an admission of the corporate capacity of the company and of the lawful issue of the securities; but that the allegation as to the nominal and actual value of the coupons, not being issuable, was not admitted by the failure to deny it.

The answer admitted the possession by defendant of a like number of coupons purporting to be issued by the same corporation as the coupons mentioned in the complaint, but denied any knowledge or information sufficient to form a belief as to whether or not they were the identical coupons mentioned in the complaint. *Held,* that this was sufficient to put in issue the identity of the coupons; since no inference could be drawn from this admission that the coupons mentioned were the identical coupons claimed by plaintiff, as it might be assumed, from the general

knowledge of such transactions, that each coupon bore the corresponding number of the bond from which it had been detached.

APPEAL from a judgment of this court entered upon the verdict of a jury and from an order denying a motion for a new trial, and from a subsequent judgment entered upon the dismissal of the complaint on a new trial.

The facts were stated in a statement of the case prefixed to the opinion of BEACH, J (*post*, p. 370), as follows:

" On August 13th, 1879, Charles W. Scofield, being the owner of 724 bonds of the Utah and Pleasant Valley Railway Company, of the par value of one hundred dollars each, by an agreement of that date sold to plaintiff one half interest therein. In consideration of this sale the plaintiff agreed to indorse Scofield's notes to the extent of $362,000. It was further agreed between Scofield and DeGraaf, that with each indorsed note was to be placed a part of these bonds, to an amount double that of the note, as collateral security. The collateral was in all cases to follow the notes.

" The proceeds of the bonds when sold were to be applied in payment of the notes, and the balance, if any, divided equally between Scofield and plaintiff. The notes were indorsed and passed to other parties.

" Attached to the bonds were interest coupons, payable semi-annually on the first days of May and November, during the life of the bond. The coupons of May, 1879, were detached when the above agreement was executed. Those of November, 1879, and May, 1880, were also detached at maturity, and received by Scofield when he paid interest on the notes.

" On May 20th, 1880, to secure DeGraaf for his liability as indorser, and to reimburse him for money paid or to be paid by reason of the indorsements, or owing to him by Scofield, the latter sold and assigned to plaintiff all his right, title and interest in the bonds, and also any claims and demands he had against the railroad company for services rendered or money lent or advanced.

" On August 18th, 1880, by an instrument in writing, the

plaintiff sold to himself, William C. Sheldon and Thomas C. Platt, 300 bonds, together with some shares of the railroad company stock, for $212,000. On January 17th, 1881, DeGraaf, Platt and Sheldon, in consideration of $1,000 paid by Scofield, gave to him or his assigns in writing, an option of purchasing from them at any time within twenty days from its date, the 300 bonds for $212,000, the said Scofield performing specified conditions, and paying them in addition $60,000. This option was exercised by or through Woerishoffer & Co. When the agreements dated May 20th, 1880, August 17th, 1880, and January 17th, 1881, were made, there was no delivery of bonds. They were then held by third persons as collateral to the notes of Scofield, indorsed by DeGraaf, and no money was paid until the option was exercised.

" On August 7th, 1880, the defendants owned and held notes indorsed by DeGraaf under the first agreement amounting to $26,530. Scofield then delivered to him as collateral 758 coupons detached from the bonds, May 1st, 1879, November 1st, 1879, and May 1st, 1880. The defendant secured the coupons with notice of the agreement between plaintiff and Scofield dated May 20th, 1880.

" The defendant refused the plaintiff's demand for the coupons. This action was afterwards brought for their conversion."

The substance of the pleadings in the action was set forth in a statement of the case prefixed to the opinion of LAR-REMORE, J. (*post*, p. 372), as follows:

" The complaint in this action alleges that on August 7th, 1880, the plaintiff was the owner and entitled to the immediate possession of 758 coupons, each of the nominal and actual value of $35, issued by the ' Utah and Pleasant Valley Railway Company of Utah,' in connection with the first mortgage bonds of said railway company, but were detached therefrom; that on said day and while the plaintiff was the owner and entitled to the immediate possession of said coupons, the defendant became unlawfully possessed thereof and unlawfully converted the same to his own use, to the

plaintiff's damage of $26,530; that on said day and on divers other days before the commencement of this action, the said coupons were demanded of the defendant by the plaintiff or his agents, and such demands were refused by the defendant; that said coupons were instruments in writing and were due at the time they came into defendant's possession, and in and by each of them the said railway company promised and agreed to pay the bearer thereof the sum of $35. Judgment is demanded against the defendant for said damages and interest thereon together with the costs of the action.

"To this complaint the defendant interposed an answer, admitting that he had in his possession 758 coupons of $35 each, purporting to be issued by the same corporation as the coupons mentioned in the complaint, but denying any knowledge or information sufficient to form a belief whether or not they were the identical coupons described in said complaint. The answer further alleged that the coupons in his possession were lawfully pledged to and held by him by one C. W. Scofield, as collateral security for a large amount of money loaned by the defendant to said Scofield, and for liabilities incurred for him by the defendant, which loans and liabilities still remained unadjusted and unpaid, and that the defendant had a lien upon said coupons therefor to an amount exceeding the alleged value thereof. The answer set up several affirmative defenses and also contained an averment as follows: 'except as above admitted, alleged or denied, said defendant denies each and every allegation contained in said complaint.'"

Upon trial of the action the jury found a verdict for plaintiff for the full face value of the coupons. A motion by defendant for a new trial was denied, and judgment for plaintiff was entered on the verdict. From the judgment and the order denying his motion for a new trial, defendant appealed.

*W. I. Butler*, for appellant.

*J. R. Marvin*, for respondent.

BEACH, J.—[After stating the facts as above, (*ante*, p. 367),]—The allegations of the complaint alleging ownership by plaintiff of coupons issued by the Utah and Pleasant Valley Railway Company, in connection with its first mortgage bonds, was sufficient to call for a denial by the defendant of the corporate capacity of the company, or the lawful issue of the securities, had he desired to present those questions for consideration. He admitted by answer the possession of a like number of coupons purporting to be issued by the same corporation, but denied knowledge of identity. This disposed of incorporation and regularity of issue. It appears from the record that the coupons in suit had been cut from bonds pledged as collateral to the notes indorsed by plaintiff, and this, although slight, would be sufficient proof of identity, in the absence of serious contention.

The plaintiff's title to the coupons rests upon the agreement dated August 30th, 1879, and May 20th, 1880. The first named assigned to him one half interest in the bonds, and consequently in the coupons of November, 1879, and May, 1880, then attached thereto. The ownership of the other half interest in those, and the series of May, 1879, then being detached from the bonds, is claimed under the agreement of May 20th, 1880, assigning to him all claims and demands then held by Scofield against the company for money lent or advanced. Possession of the coupons of November, 1879, and May, 1880, had been acquired by Scofield from paying the interest on his notes to which bonds and coupons were pledged as collateral. They constituted in his hands claims against the company, but in no sense represented money either lent or advanced by him to it. Being enforceable obligations of the corporation, they no more represented money lent or advanced, than if bought by him in the market. Neither are they included in the terms of the agreement assigning to DeGraaf, " any portion of said bonds or the money that may be secured thereby."

The coupons were then detached, and not even a part, much less a " portion " of the bonds, but separate instruments capable of negotiation and transfer (*Evertson* v. *Na-*

*tional Bank of Newport*, 66 N. Y. 17). The legal effect of the agreement in this respect, its terms being unambiguous and explicit, should have been decided by the learned court, and not submitted to the jury upon the questions of intent. The meaning of a contract free from doubt in phraseology cannot be made dependent upon the verdict of a jury finding the intent of the parties. I am of opinion that the plaintiff showed no title to the coupons of May, 1879, nor to one half of those of November, 1879, and May, 1880.

This conclusion will necessitate a new trial, which may be facilitated by brief reference to some other points suggested on the argument. The complaint alleges the nominal and actual value of the coupons to be $35 each. This was not an issuable allegation, and the absence of a denial in the answer would not amount to an admission (*Connoss v. Meir*, 2 E. D. Smith 314). The exception to the exclusion of evidence tending to show the value of the coupons was well taken.

The sale by DeGraaf to himself, Sheldon and Pratt, was not void, but liable to impeachment for fraud or collusion. The issue was properly submitted to the jury.

The judgment should be reversed and a new trial ordered with costs to the appellant to abide the event.

Pursuant to this decision, rendered at the May General Term, 1884, a second trial of the action was had, at which plaintiff's counsel moved for judgment upon the pleadings as they stood, insisting that the allegations in the complaint were not denied and were therefore admitted by the answer. An offer was made to prove the amount of interest upon the claim in suit, which offer was refused by the court, and thereupon the complaint was dismissed and judgment ordered in favor of the defendant. From the judgment for defendant thereupon entered plaintiff appealed.

*James R. Marvin*, for appellant.

*Cephas Brainerd*, for respondent.

LARREMORE, J.—[After stating the case as above, (*ante*, p. 368).]—The only question raised upon the appeal is to be determined by a construction of the pleadings in the action. It is evident by an inspection of the first paragraph of the answer that the identity of the coupons in suit was expressly put in issue. The defendant admits that he lawfully held 758 coupons purporting to be issued by the "Utah and Pleasant Valley Railway Company of Utah," but no inference can be drawn from this admission that they were the identical coupons claimed by the plaintiff.. It is fair to assume, in view of the general knowledge of such corporate transactions, that each coupon bore the corresponding number of the bond from which it had been detached, and it may well be argued, so far as the testimony shows, that both the plaintiff and defendant were possessed of 758 coupons of said company, which were each separate and distinct obligations. Until the identity of the coupons had been established by competent proof, there was no necessity to receive evidence of the interest due upon the plaintiff's claim, and the complaint was properly dismissed.

When this case was last before us, at the May General Term, 1884, the court decided, among other things, as follows: " The complaint alleges the nominal and actual value of the coupons to be $35 each. This was not an issuable allegation and the absence of a denial in the answer would not amount to an admission."

The judgment appealed from should be affirmed, with costs.

CHARLES P. DALY, Ch. J., and VAN HOESEN, J., concurred.

Judgment affirmed, with costs.