(21 Misc. Rep. 601.)

## LEARNED v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County. November 16, 1897.)

1. MUNICIPAL CORPORATIONS—ACTION FOR INJURIES—NOTICE OF CLAIM.

Under Laws 1886, c. 572, which provides that before commencing an action against a city containing 50,000 or more inhabitants, for damages for personal injuries, a notice must be filed with the counsel within six months after the injury, stating the time and place of injury, a complaint is properly dismissed when it is shown that the notice stated the place of injury incorrectly.

**2. SAME—CURING DEFECT IN NOTICE BY COMPLAINT.**

Where the notice which is required to be filed before a suit against a city for personal injuries can be commenced is defective, in that it fails to state the place of injury correctly, such defect will not be cured by the fact that the complaint does state the place correctly.

**3. SAME—WAIVER.**

Where the notice which is required to be filed before a suit against a city for personal injuries can be commenced is defective, it is not cured by an answer which admits the receipt of a paper "purporting to be a notice," but which makes a general denial of knowledge or information as to everything else in the complaint.

Action by Mary E. Learned against the mayor, aldermen, and commonalty of the city of New York, for damages for personal injuries received by falling on a sidewalk of the municipality. The complaint was dismissed, and plaintiff moves for a new trial. Denied.

Cornelius Fiske, for plaintiff.

F. M. Scott and W. H. Rand, Jr., for defendant.

McADAM, J.   The complaint was dismissed at the close of the plaintiff's case, because she did not comply with chapter 572 of the Laws of 1886, in respect to the contents of the notice required to be served as a condition precedent to the right to maintain an action against the municipality. The statute provides that:

"No action against the mayor, aldermen and commonalty of any city in this state having fifty thousand inhabitants or over, for damages for personal injuries alleged to have been sustained by reason of the negligence of such mayor, aldermen and commonalty, or of any department, board, officer, agent or employé of said corporation, shall be maintained, unless the same shall be commenced within one year after the cause of action therefor shall have accrued, nor unless notice of the intention to commence such action and of the time and place at which the injuries were received shall have been filed with the counsel to the corporation or other proper law officer thereof within six months after such cause of action shall have accrued."

The plaintiff, before bringing action, and within the time prescribed, served upon the counsel to the corporation a notice of intention to sue, in which it was stated that the injuries were received on the sidewalk "immediately adjacent numbers 164 and 166 West One Hundred and Thirty-First street." At the trial it appeared that the injuries were sustained in front of premises Nos. 264 and 266 West 131st street, on the block west of that in which are the numbers specified in the notice. The notification does not state the avenues between which the accident occurred; so that there is nothing on its face from which clerical error in locating the place could be inferred. The notice, therefore, in effect directed the municipal authorities to go to the sidewalk immediately adjacent to Nos. 164 and 166 West 131st street, and they would there find the defect and cause of injury for which the municipality was sought to be held, when in fact nothing was there to indicate neglect or ground of responsibility. The notice was misleading, and not such as the statute contemplated. To hold it sufficient would defeat the very object of the legislature, which was to protect the municipality from claims like the one made, by enabling its officials to examine the

locus in quo without delay, obtain witnesses, and make diagrams or photographs of the place, to be used in case they determined that the claim ought to be resisted. The statute is mandatory that the notice shall state "the time and place at which the injuries were received," and that no action shall be maintained against the municipality unless such notice shall have been given; and such notice is in the nature of a condition precedent to the right of recovery. Reining v. City of Buffalo, 102 N. Y. 308, 6 N. E. 792; Curry v. City of Buffalo, 135 N. Y. 366, 32 N. E. 80. Where the language of a statute is definite, and has a precise meaning, it must be presumed to declare the intention of the legislature; and it is not allowable to go elsewhere in search of conjecture to restrict or extend its meaning. Johnson v. Railroad Co., 49 N. Y. 455; People v. Supervisors of Greene Co., 13 Abb. N. C. 421; Cook v. Kelley, 12 Abb. Prac. 35. The complaint in such an action must therefore allege the service of the notice; and, if denied, the plaintiff must prove it to establish a right of action. Foley v. City of New York, 1 App. Div. 586, 37 N. Y. Supp. 465; Curry v. City of Buffalo, supra; Reining v. City of Buffalo, supra; Baylies, Code Pl. 38; Meyer v. Mayor, etc., 14 Daly, 395, which decides that the act in question does not apply where the action is commenced within six months by the service of a summons and complaint, is in direct conflict with Curry v. City of Buffalo, supra, and the principles of the other cases cited, and must therefore be considered as overruled by them. It is also inapplicable because the complaint herein was not served within 6, but about 10 months after the accident. The complaint does not aid the notice, although it has the merit of stating correctly the place where the accident occurred. It alleges "that, within six months after the cause of action sued on herein accrued, notice of the plaintiff's intention to commence this action, and of the time and place at which her injuries were received, was filed with the counsel to the defendant corporation." A good complaint does not cure a defective notice, when the latter is the foundation upon which the right to maintain the action depends. Neither does the answer help the plaintiff. The defendant "admits that on or about the 21st day of June, 1894, there was filed in the office of the counsel to the corporation a paper purporting to be a notice of intention to commence this action"; and the fourth paragraph "denies that it [the defendant] has any knowledge or information sufficient to form a belief as to any of the allegations in said complaint contained not hereinbefore specifically admitted or denied." This form of denial is permissible, and serves to put in issue all the allegations in the complaint not specifically admitted or denied. Griffin v. Railroad Co., 101 N. Y., at page 354, 4 N. E., at page 742; Crane v. Crane, 43 Hun, 309; De Graaf v. Wyckoff, 13 Daly, 366. The defendant could not truthfully deny, and therefore admitted, that the plaintiff had served a paper which purported to be a notice of intention to commence the action. The admission goes no further, for the defendant, by its denial, put in issue the form and sufficiency of the paper as alleged in the complaint, and required the plaintiff to prove that the notice served was such as the statute required; and in this,

for the reasons stated, she materially failed.    It is not a case where the plaintiff was misled by the form of the answer from furnishing the proof necessary to the maintenance of her action, for the notice served was produced and offered in evidence, and it is the unamendable defect therein which prevents her recovery.    The cases relied on by the plaintiff do not touch the point involved here.    In Grogan v. City of Worcester, 140 Mass. 227, 4 N. E. 230, and Canterbury v. City of Boston, 141 Mass. 215, 4 N. E. 808, the notice to the municipal authorities correctly stated the time and place of the injury, and was objected to on the ground that the facts respecting the nature and cause of the injury were not stated with sufficient particularity, but it was held to be sufficiently explicit under the Massachusetts statute.    In Magee v. City of Troy, 48 Hun, 383, 1 N. Y. Supp. 24, the notice was correct in form, but a copy was served instead of the original, and the court (at page 386, 48 Hun, and page 25, 1 N. Y. Supp.) said:

"The original claim, signed and verified by the plaintiff, was shown the comptroller, and a copy of it delivered to and left with him.    We think this was a sufficient presentation of the claim, in the absence of any objection by the comptroller or demand of the original.    The comptroller thus obtained the notice the law contemplates."

In this instance the defect was not one apparent on the face of the paper, so as to call for any affirmative act on the part of the municipality, or to charge it with waiving the defect by retaining the paper.    It related not to matter of form, but of substance, and was of so serious a character as to destroy the statutory purpose of the notice.    There was clearly no waiver, because that implies knowledge, and knowledge cannot be imputed to the defendant.    The nonsuit was properly directed, and the motion for a new trial must be denied.