MARY SPILLANE *vs.* CITY OF FITCHBURG.

Worcester.    October 2, 1900. — October 18, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Personal Injuries — Defective Way — Action — Evidence.*

Under the corner of a sidewalk where two streets in a city met was a hole in the side of the curbstone for an opening into a catch basin, and in front of this, on the surface of the street, was an iron plate extending toward the centre of the street and sloping from its outer edge to the hole. An accumulation of snow and water had stood for two days in the street up to the level of the sidewalk. After dark a person mistook the water for a continuation of the concrete of the sidewalk, which it resembled, stepped off the corner, slipped on the iron plate, his foot going into the hole, and was injured. *Held,* that he could not maintain an action against the city for his injury.

Where the configuration of a place at the time of an accident there is shown, in an action for the injury received, by expert testimony, photographs, and a view, coupled with the defendant's admission and the evidence of witnesses that there has been no change, the exclusion of the testimony of a witness offered to show that the construction "was not proper street construction" appears to have been right.

TORT, for personal injuries sustained by the plaintiff through an alleged defect in a highway in the defendant city. Trial in the Superior Court, before *Maynard,* J., who directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*J. H. McMahon,* for the plaintiff.

*W. P. Hall,* for the defendant.

HOLMES, C. J.    This is an action for personal injuries alleged to have been suffered by the plaintiff in consequence of a defect in the highway. At the trial the judge took the case from the jury, and the main question raised by the plaintiff's exceptions is whether he was right in doing so. The place of the accident was at the corner of a sidewalk where two streets met. Under the corner was a semicircular hole in the side of the curbstone, of the shape familiar in our streets for an opening into a catch basin, and seven and one half inches high at its highest point. In front of this, on the main surface of the street, was an iron plate or lid, extending out twenty-five and three quarters inches

toward the centre of the street, and with a slope of three inches from its outer edge to the hole. At the time of the accident the catch basin probably was full, snow and water stood in the street up to the level of the sidewalk, and there was evidence that this condition had continued for two days. It was dark, and the plaintiff, who was familiar with the place, but had not seen it since the snow and water had been there, mistook the water for a continuation of the concrete of the sidewalk, which it resembled, stepped off the corner, slipped on the iron plate, fell, and was hurt. Either before or as she fell her foot went into the hole above described.

We shall assume without deciding that the notice sufficiently stated the cause of the injury. *Grogan* v. *Worcester*, 140 Mass. 227. But we are of opinion that the facts disclose no defect in the highway for which the city was responsible. The combination of the hole and the iron plate was familiar and proper by itself, and it was not necessary to guard the hole against the remote chance of such an accident as the present. Whether the hole contributed to the injury appears only by conjecture, but if it did, the risk of its playing such a part was too small to entitle the plaintiff to go to the jury on that alone. See *Richardson* v. *Boston*, 156 Mass. 145, 146; *Scannal* v. *Cambridge*, 163 Mass. 91, 94; *Dayton* v. *Taylor*, 62 Ohio St. 11. The city was not bound to light the street. *Lyon* v. *Cambridge*, 136 Mass. 419. *Randall* v. *Eastern Railroad*, 106 Mass. 276. Snow and water by themselves, without more, of course are not a defect. So that the question is narrowed to whether the presence of snow and water in deceptive form, in connection with the darkness, the plate, and the hole, constituted a defect when no one and no combination of less than all the constituents would have done so. We think that the deceptive powers of water are not sufficiently dangerous, even in this combination, to make the city liable. The possibility of there being too much snow and water in the streets for a few days in the winter time is like the possibility of smooth ice, an incident of the climate which it would be unreasonable to require the city to guard against except under circumstances of greater danger than the present. See *Stanton* v. *Springfield*, 12 Allen, 566.

An exception was taken to the exclusion of evidence of a

witness concerning the condition of the street. The configuration at the time of the accident was shown by expert testimony, photographs, and a view, coupled with the defendant's admission and the evidence of witnesses that there had been no change. There was no controversy about it. What the plaintiff seems to have been seeking to introduce was the judgment of the witness that the construction "was not proper street construction." Evidently that was the way the judge understood it, and that was the offer he ruled upon. So far as appears the ruling was right. *Edwards* v. *Worcester,* 172 Mass. 104. But in view of our decision upon the general question this becomes unimportant.

*Exceptions overruled.*