(83 Misc. Rep. 369.)

### VAN HOVENBURG v. CITY OF NEW YORK.

(Supreme Court, Trial Term, Kings County. December 31, 1913.)

1. MUNICIPAL CORPORATIONS (§ 821*)—JURY QUESTION.

In an action against a municipality for personal injuries sustained by plaintiff while walking on a sidewalk, the case should not be submitted to the jury where the evidence did not disclose the cause of the accident and the jury could only speculate or guess as to what was the cause.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1745–1757; Dec. Dig. § 821.*]

2. MUNICIPAL CORPORATIONS (§ 812*)—INJURIES TO PERSONS ON SIDEWALK—NOTICE.

A notice of an injury sustained on a sidewalk which specified that, while plaintiff was walking on the left-hand side of Euclid avenue in the direction of Liberty street, she was injured about 100 feet from Liberty street is insufficient because not stating with any degree of reasonable certainty the place where the injury occurred; there being two left-hand sides of the street, dependent entirely on the direction in which the person is proceeding.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1696–1707; Dec. Dig. § 812.*]

Action by Naomi Van Hovenburg against the city of New York. There was a judgment for defendant, and plaintiff moves for a new trial. Motion denied.

George H. Alexander, of Jamaica (Martin T. Manton, of New York City, of counsel), for plaintiff.

Archibald R. Watson, Corp. Counsel, of New York City, for defendant.

MANNING, J. Upon the trial of this action the complaint was dismissed at the close of the plaintiff's proof on two grounds: First, that no actionable negligence on the part of the city was shown; and, second, that the notice required by law to be served upon the proper officers of the municipality was insufficient.

A motion for a new trial is made, and it is argued, on the part of the plaintiff, that the defendant was negligent in permitting a hole or depression to exist in the sidewalk, and that such hole or depression was the proximate cause of the injury.

[1] The answer to this contention is that, while the plaintiff on her direct examination declared that the cause of the accident was the falling into the hole, upon cross-examination she admitted that the cause of her fall was not the hole or depression but that she slipped upon a piece of ice some distance from the hole or depression and that in falling her foot went into the hole. The following questions, therefore, arise: Did the injury occur during the slipping? If so, the city would not be liable. Again: Did the injury occur after the plaintiff's foot went into the hole or by reason of its entering the hole? If so, in either case the city might be liable. The difficulty is that the jury could not be permitted to guess or speculate as to which of the causes the accident might be attributed to. Taylor v. City of Yonkers,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

105 N. Y. 202, 11 N. E. 642, 59 Am. Rep. 492; Searles v. Manhattan R. R. Co., 101 N. Y. 661, 5 N. E. 66.

[2] The next difficulty is with the notice, which describes the place where the accident happened as follows:

"The claimant herein, Naomi Van Hovenburg, was walking on the left-hand side of Euclid avenue, in the borough of Brooklyn, city of New York, going in the direction of Liberty street, and when she arrived at Euclid avenue about 100 feet from Liberty avenue."

The objection to this notice is that it does not state with any degree of reasonable certainty "the place where the injury was sustained." From this description in the notice it is impossible to say whether the accident happened on Euclid avenue *east* of Liberty avenue or on Euclid avenue *west* of Liberty avenue. The wording of the notice is very vague and indefinite. Plaintiff says therein that she was walking "on the left-hand side of Euclid avenue." There are two left-hand sides to the street in question, dependent entirely as to whether a person is proceeding in an easterly or westerly direction. I think the notice is clearly insufficient and comes within the rule set forth in the following cases wherein notices of this character have been pronounced defective: Purdy v. City of New York, 193 N. Y. 521, 86 N. E. 560; Learned v. Mayor, etc., 21 Misc. Rep. 601, 48 N. Y. Supp. 142; McGlorey v. City of New York, 143 N. Y. Supp. 1128, decided by the Appellate Division, Second Department, October 24, 1913.

The notice in the McGlorey Case states that the accident happened at the northeast corner of a certain street, while the proof showed that it was the southeast corner. The trial court, Mr. Justice Maddox, in dismissing the complaint, held that the notice was insufficient, and the decision was unanimously affirmed by the Appellate Division.

The notice in the present case is far more vague and uncertain, and to my mind is not even a reasonable compliance with the law.

Motion for a new trial denied.