MARTHA BURNS *vs.* CITY OF BOSTON.

Suffolk.   November 8, 1927. — February 28, 1928.

Present: BRALEY, CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Way,* Public: defect, snow and ice, want of railing, notice.   *Snow and Ice. Notice.*

A notice to a city by a traveller upon a public way whose foot slipped into a hole in the way full of slush from rain and melting snow and ice, which, due to a lack of a fence or railing, caused him to fall down an embankment at the side of the way, if it states the cause of the injury to be the want of a fence or railing, is sufficient under G. L. c. 84, § 18, if given within thirty days after the injury, although it is not given within ten days, the defect in the way being the insufficient condition of the fence, with which the snow and ice had nothing to do.

TORT for personal injuries.   Writ dated August 6, 1924.

In the Superior Court, the action was tried before *Hammond,* J.   Material evidence is set forth in the opinion.

At the close of the plaintiff's evidence, the trial judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*W. B. Keenan,* for the plaintiff.

*J. A. Campbell,* Assistant Corporation Counsel, for the defendant.

WAIT, J. The plaintiff was injured while travelling on Curtis Street in East Boston as she was about to cross the bridge which carries it over a railroad location. Her foot went into what she described as a hole in the sidewalk covered with snow; full of slush from rain and melting snow and ice. She slipped on the snow and ice on the sidewalk; clutched, to save herself, at a fence on her left; missed it; and fell down the embankment to the railroad tracks through a space where the fence was gone. She brought suit against the city of Boston alleging that she was injured by reason of a want of repair in Curtis Street. She gave notice of the time, place and cause of the accident which said nothing of snow and ice, but stated as the cause: "the defective condition of a fence or railing along the sidewalk of said Curtis Street, at or near the bridge . . . and extending from said bridge along the sidewalk . . . to the property known as Lot # 5 on said Curtis Street . . . ." No contention is now made that any other defect existed. The accident took place on March 16, 1923. Notice was given on April 12 or 13, 1923. The city rests its defence on the ground that no notice was given in compliance with G. L. c. 84, § 18, which requires notice within ten days after the injury "if such defect or want of repair is caused by or consists in part of snow or ice, or both," and within thirty days in all other cases. The judge at the trial ruled in accord therewith; and a verdict, by his direction, was returned for the defendant.

No argument is made with regard to any other question. There was evidence which would sustain findings that the plaintiff was in the exercise of due care, that the want of railing was a defect which the city by proper care and diligence could have remedied and of which it could have had notice, and that the city was bound to keep the way reasonably safe and convenient for travel.

Notice within ten days should have been given if the

"defect or want of repair" was caused by or consisted in part of snow and ice. No case is called to our attention by the defendant which supports the contention that it was so caused. The defect was the insufficient condition of the fence. Snow and ice had nothing to do with that.

In *Alger* v. *Lowell*, 3 Allen, 402, 406, this court, in dealing with an accident where the plaintiff was pushed by a crowd into an opening which had not been guarded adequately, said: "It is to guard against just such casualties, which are no more censurable than a mis-step, that railings are to be provided at steep and dangerous places." The duty thus stated arises from the danger attending a misstep on a surface free from defect. It is not affected by the cause of the loss of balance in the traveller, unless through his own lack of care. The same liability is recognized in *Junkins* v. *Stoneham*, 234 Mass. 130, 133.

The statute requirement for notice within ten days must be observed when it is the defect, not the injury, that is due in whole or in part to snow and ice. The purpose of the statute is to enable the municipality to inform itself with regard to the condition asserted to be defective. If the presence of snow or ice creates or contributes to the defect, it is important that inspection be made at once; for such a condition is transitory and likely to be short-lived. Where the defect exists and remains unaffected by snow or ice, the necessity for speedy examination is less imperative. The leading case of *Newton* v. *Worcester*, 174 Mass. 181, though not directly in point, emphasizes the distinction between defect and injury. The ruling made disregarded the distinction and for this reason was erroneous.

*Exceptions sustained.*