ALBERT M. BUSKEY *vs.* CITY OF WORCESTER.

Worcester.     September 27, 1948. — November 2, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Way,* Public: defect. *Snow and Ice. Notice.*

The existence of a defect in a public way within G. L. (Ter. Ed.) c. 84, § 15, could be found where a hole, located at the side of the way in front of and near a mail box and formed by chiselling out a capstone above the grating of a catch basin, had become enlarged, by settling of the catch basin, to several times its normal size and sufficiently to permit the body of a traveller to slide into it.

A finding, that a notice given to a city more than ten but less than thirty days after a traveller fell into a hole in a public way was seasonable under G. L. (Ter. Ed.) c. 84, § 18, as appearing in St. 1933, c. 114, § 1, was warranted where, although it could have been found that he was caused to slip into the hole by the presence of snow or ice there, such a finding was not required and it could also have been found that snow or ice was not a contributing factor.

TORT. Writ in the Superior Court dated January 25, 1944.

The action was tried before *Donnelly,* J.

*A. W. Howes,* for the plaintiff.

*H. J. Meleski,* Assistant City Solicitor, for the defendant.

RONAN, J. The plaintiff, a mail carrier, was injured in the early evening of January 31, 1943, when he fell through a hole between the sidewalk side of the edge of a catch basin cover and the recessed side of the adjoining granite capstone, while on his way to collect mail from a mail box which was located about three feet behind the catch basin. The plaintiff excepted to the direction of a verdict for the defendant.

The plaintiff testified that he got off his truck, walked in the road along the edge of a ridge of snow which was three feet high and was located at the side of the street, until he came to the corner of two streets where he went around behind this ridge of snow, proceeding in the street between the sidewalk and the ridge until he came opposite to the mail box, and that as he approached the mail box with the key in his hand he went down into the hole so quickly that he did not know what happened. All that he could think of was that he fell into a hole in the street. As he went into the hole, his arms were forced into a horizontal position and he was held dangling in the hole with his feet in the water for forty-five minutes, when he was pulled out by some police officers. At the time of the accident there were two inches of fresh snow on the ground and the catch basin was covered with snow. There was evidence that this catch basin was installed in the public way in 1937, and that several years before the accident the position of the top of the catch basin changed due either to the action of frost or to the sinking of the catch basin, so that the hole was four or five times larger than it should have been. The grating of the catch basin

was twenty-two inches below the top of the capstone. The capstone had been chiselled out for a distance of sixteen to eighteen inches above the grating. The cut in the capstone at a place opposite the grating was twenty-four inches long and fourteen or fifteen inches deep.

We confine our discussion to the two contentions made by the defendant, which were that the physical arrangement of the catch basin and the capstone did not constitute a defect, and that the city was not given notice of the time, place and cause of the accident within the time prescribed by the statute.

The evidence was sufficient to show the existence of a defect.

The duty imposed upon municipalities in reference to streets by the statute, G. L. (Ter. Ed.) c. 84, §§ 1, 15, is to exercise ordinary care and diligence to keep the public ways reasonably safe for the use of travellers, but this statutory duty is to be tested by the rule of reason. The presence of slight imperfections in the surface of the way, even if they cause an accident, is not a breach of the statutory duty. *Vellante* v. *Watertown,* 300 Mass. 207. *Galante* v. *Brockton,* 305 Mass. 480. *MacDonald* v. *Boston,* 318 Mass. 618. A catch basin which does not contain an opening so large that an injury to a traveller could be reasonably anticipated, does not constitute a defect. *Spillane* v. *Fitchburg,* 177 Mass. 87. See also *Vaccarini* v. *New York,* 54 Misc. (N. Y.) 600. But an unguarded hole left between the edge of the grating of a catch basin and the concaved side of the capstone, the surface of which has been concaved for a distance of sixteen to eighteen inches above the grating forming a hole large enough to permit a man to slide through it until his descent is stopped by his arms becoming caught by the street surface adjoining the hole, which is located by the edge of the way or immediately continuous thereto, could be found to render the public way unsafe and inconvenient for ordinary travel. The hole was exposed upon a flat surface where a traveller might readily walk or slip into it. In *Tilton* v. *Haverhill,* 203 Mass. 580, recovery was permitted when the plaintiff stepped into a catch basin, the

iron rods protecting the top of which had spread apart because of the decayed condition of the wooden frame to which they were attached. In *Crowell* v. *Malden*, 273 Mass. 456, the plaintiff recovered for injuries caused by her foot being caught in a small depression under a traffic beacon. In *Cammett* v. *Haverhill*, 197 Mass. 76, the plaintiff was thrown out of a wagon when the tire of his wagon was caught under the edge of the flange of a street railway rail which had been cut away in order to install a grating for a catch basin, the grating having subsequently settled. In that case it was said at page 78 that "there were conditions, such that the authorities, in the exercise of proper care, ought to have realized that there was danger of an accident, and to have taken precautions to prevent it." In the case at bar, the situation had been open and obvious for several years. It was for the jury to say whether the defendant through its officers charged with the supervision and care of the public ways should have anticipated and foreseen in the exercise of reasonable prudence that injury to travellers would occur unless measures were taken to safeguard the hole.

The defendant also contends that the defect consisted of snow or ice, or both, and that, no written notice of the time, place and cause having been given to it within ten days of the accident, the plaintiff is barred from recovery. The statute, G. L. (Ter. Ed.) c. 84, § 18, as appearing in St. 1933, c. 114, § 1, provides that "A person so injured shall, within ten days thereafter, if such defect or want of repair is caused by or consists in part of snow or ice, or both, and in all other cases, within thirty days thereafter," give notice to the county or municipality or person obliged to keep the way in repair. We agree with the defendant that the plaintiff cannot recover because of his failure to give notice within the time prescribed by this section if he was injured by a defect which in part consisted of snow or ice. *O'Neil* v. *Boston*, 257 Mass. 414. *Dooling* v. *Malden*, 258 Mass. 570. *Whalen* v. *Worcester Electric Light Co.* 307 Mass. 169.

The plaintiff, who was injured on January 31, 1943, gave

written notice of the time, place and cause of his accident to the city on February 18, 1943. The city having requested an additional notice, the plaintiff gave a second notice on February 26, 1943. Both notices were furnished within the times fixed by the statutes (G. L. [Ter. Ed.] c. 84, § 18, as appearing in St. 1933, c. 114, § 1, and c. 84, § 20, as amended by St. 1939, c. 147), if snow or ice was not a part of the defect. The jury could have found that the plaintiff on account of the snow or ice slipped into the hole, but they were not required to come to that conclusion. They could have found that the snow or ice was not a part of the defect or a contributing cause of the injury. *Grogan* v. *Worcester,* 140 Mass. 227. *Burns* v. *Boston,* 262 Mass. 369. In other words, the hole could have been found to have been the sole proximate cause of the plaintiff's injury and, if it was, there is nothing in the defendant's contention that notice was given too late.

*Exceptions sustained.*