*Southern District*
No. 55

**MYRTLE STYFFE**

*v.*

**FRANK SMITH**

Argued: Feb. 12, 1973 Decided: Aug. 31, 1973

Case tried to *Bento, J.,* in the First District Court of Barnstable; Docket number: T-543.

*Present:* Murphy, P.J., Covett, Rider, JJ.

**Rider, J.** This is an action of tort to recover damages for personal injuries arising out of the alleged negligence of the defendant.

The declaration alleges that the defendant was negligent and careless in the maintenance of his premises. The answer is a general denial and contributory negligence of the plaintiff.

The court found for the plaintiff in the sum of $7,861.20 with interest from February 15, 1971, and costs.

*At the trial there was evidence tending to show*: that in January of 1961, the defendant became the owner of the property where the plaintiff was allegedly injured, but that his aunt had a life estate; that at least two or three years prior to January of 1969, the defendant had full title to the property; that after he became the owner, he accepted rent from the plaintiff; that there was an old parking area where tenants were permitted to park in the rear of the building; that the normal

parking area was in the rear; that the back yard was gravel but it sometimes became rough; that the front yard was being filled in; that it was not blacktopped; that he learned that the plaintiff had suffered a fall on the date of the accident; that he became aware of it about five minutes or less after it happened; that he did not see the accident; that he saw her lying on the ground; that she was carried into the house; that the car was parked two feet from the house; that by the rear of the car there were ruts; that in front of it it was smooth; that the ruts were two to four inches deep; that the ground was frozen; that she was five or six inches away from the house; that she was unconscious; that he later saw her at Carney Hospital; that she seemed normal; that she later came home; that he had a conversation with her; that he said that he was responsible for the ruts in the yard; and that he filled them but they continued to come back.

Mrs. Styffe, the plaintiff, testified that she was employed at Cape Cod Hospital as a nurse; that at the time of the accident she was living at 71 Main Street, Hyannis, Massachusetts; that she was a tenant of Mr. Smith (the defendant); that she had lived there for three or four years; that she became a tenant in March of 1968; that as part of her rental payment she always parked in the front yard; that the front yard in the Spring of 1968 was

not too bad; and that on January 14, 1969 there were deep ruts. She verified a photograph as representing the front yard which clearly showed deep ruts. She further testified that she used to park in the rear in the Summer and Fall and then when it got muddy out back, she would park in the front; that about two weeks prior to the accident, she started parking out front; that she had been shopping and put groceries in the trunk of her car; that the accident happened about 5:30; that it was dark outside; that she parked the car about four or five feet from the house; that after she stopped she got out of the driver's side and walked toward the trunk; that it was rough even there; that at the back she went about a foot into a rut; that she grabbed the fender but could not hold and fell back; that she did not see the deep rut; that she had flat snow boots on.

Upon cross-examination she admitted that the ruts were frozen; that her answer to interrogatory No. 11 described the defective condition as "deep frozen ruts"; that during the day when the sun was warm the ruts would melt and the parking lot would get muddy and that later in the afternoon when it got cold the ruts would freeze.

The plaintiff introduced the Plaintiff's Notice to Admit or Deny Facts * and the Defendant's Answers thereto, as follows:

1. On the date and time of the accident al-

leged in the plaintiff's declaration the defendant was the owner of the premises upon which the accident occurred. *Admit.*

*2.* On the date and time of the accident alleged in the plaintiff's declaration the defendant was in control of the premises upon which the accident occurred. *Neither admit nor deny but further state that the question of control is a matter of law to be decided by the Court.*

*3.* On the date and time of the accident alleged in the plaintiff's declaration, the portion of the premises where the accident occurred was a common area or passageway the control of which was reserved by the defendant for the common use of the plaintiff and others. *Denied.*

*4.* On the date, time and place of the accident alleged in the plaintiff's declaration, the plaintiff was lawfully and rightfully using the said premises for the purpose for which the defendant intended it to be used. *Denied.*

*5.* On the date and time of the accident alleged in the plaintiff's declaration, the plaintiff was a tenant of the defendant. *Neither admit nor deny.*

*6.* At the time of the commencement of the plaintiff's tenancy, the area of the premises where the plaintiff's accident occurred was in good condition and free from deep ruts. *Neither admit nor deny.*

---

* Filed under G.L. c. 231, § 69.

7. At the time of the plaintiff's accident the condition of the said area of the premises was changed from the condition it was in at the time of the commencement of the plaintiff's tenancy. *Neither admit nor deny.*

8. At the time and place of the plaintiff's accident there were deep ruts which had solidified in the earth. *Neither admit nor deny.*

9. For at least several days prior to the date of the plaintiff's accident, the defendant knew of the condition of the solidified ruts. *Neither admit nor deny.*

10. From the time when the defendant first learned of the condition of the ruts at the place of the plaintiff's accident, until the time of the plaintiff's accident, the defendant did nothing, nor did he cause anything to be done to remedy the situation. *Denied.*

11. Following the plaintiff's accident, the defendant took some action to remedy the condition of the ruts. *Neither admit nor deny.*

12. At the time of the accident as alleged in the plaintiff's declaration the defendant had in effect a policy of insurance insuring him for personal injury liability arising from accidents which occurred on the place where the plaintiff's accident occurred. *Neither admit nor deny.*

13. Following the plaintiff's accident the defendant inspected the area where the plaintiff's accident occurred and found many ruts in

the earth some of which were twelve inches deep. *Denied.*

*14.* The defendant received notice of the plaintiff's accident. *Admit.*

*15.* After the plaintiff's accident the defendant admitted to the plaintiff that he was at fault. *Denied.*

At the close of the trial and before the final arguments, the defendant filed the following requests for rulings:

*1.* If the plaintiff was injured as a result of a defective condition of the defendant's premises caused in part by snow or ice resulting from rain or snow and weather conditions, then the plaintiff can only recover if she gave written notice of her injury and the time, place and cause of said injury, in accordance with the provisions of General Laws, [Chapter 84], Sections 18-21.

*2.* The evidence requires a finding that the plaintiff's injury was caused in part by snow or ice resulting from rain or snow and weather conditions.

*3.* If the plaintiff was injured as a result of a defective condition of the defendant's premises consisting in part of snow or ice resulting from rain or snow and weather conditions, then the plaintiff can only recover if she gave written notice of her injury and the time, place and cause of said injury, in accordance with the provisions of General Laws, [Chapter 84], Sections 18-21.

*4.* The evidence requires a finding that the plaintiff's injury was caused by a condition of the defendant's premises consisting in part of snow or ice resulting from rain or snow and weather conditions.

*5.* The evidence does not warrant a finding that the plaintiff gave notice of her injury and the time, place and cause of said injury in accordance with the provisions of the General Laws, [Chapter 84], Sections 18-21.

*6.* Although the plaintiff was a tenant of the defendant, her status at the time of her alleged injury is important in determining the rights and liabilities of the parties, inasmuch as a tenant, in his use of certain parts of the landlord's premises, will be an invitee, trespasser, or a mere licensee. *Cohen* v. *Davies,* 305 Mass. 152, 154.

*7.* The evidence does not warrant a finding that the plaintiff was an invitee on that part of the premises where she was allegedly injured.

*8.* Knowledge by the defendant that the plaintiff used that part of the premises where she was allegedly injured for the parking of her vehicle does not amount to an invitation, and the mere passive acquiescence in the use to which this portion of the premises was put was not equivalent to an inducement or invitation to use in that way. *Cohen* v. *Davies,* 305 Mass. 152, 154.

*9.* The evidence does not warrant a finding that the defendant was negligent.

*10.* The status of the plaintiff at the time of her injury was that of a licensee.

*11.* The defendant only owed a duty to the plaintiff to abstain from reckless, willful and wanton misconduct.

*12.* The evidence does not warrant a finding that the defendant was guilty of reckless, willful and wanton misconduct.

*13.* The defendant had no duty to find and remove obstacles or objects placed in common areas by natural causes or by the actions of third persons not subject to his control. *Martin* v. *Reis,* 344 Mass. 32, 35.

*14.* The defendant is not liable for the failure to remove ice naturally accumulating on that part of the premises where the plaintiff was allegedly injured. *Bell* v. *Siegel,* 242 Mass. 380; *Martin* v. *Rich,* 288 Mass. 437, 439.

*15.* As a matter of law the plaintiff was guilty of negligence.

The court denied the defendant's requests for rulings numbered 2, 4, 5, 7, 9, 10, 11, 12, and 15 and allowed the requests numbered 1, 3, and 8 with the notation: ''Allowed, but not in accord with facts found.'' The court also allowed defendant's requests numbered 6, 13 and 14.

At the hearing before the Appellate Division, counsel for the defendant waived defendant's appeal from the denial by the court

of defendant's requests for rulings numbered 7, 9, 10, 11, 12, and 15, relying for his appeal on the denial by the court of defendant's requests for rulings numbered 2, 4 and 5 and the finding of the Court.

 *1.* There was no error in the denial of defendant's requests numbered 2 and 4. These requests call for findings of fact. Such requests are properly denied unless such findings of fact are required as a matter of law upon the evidence. *Liberatore* v. *Framingham,* 315 Mass. 538, 543; *Perry* v. *Hanover,* 314 Mass. 167, 169 and 170.

 The judge could have found that the plaintiff slipped and fell on account of snow and ice, but he was not required to come to that conclusion. He could have found that snow or ice was not a part of the defect or a contributing cause of the injury. *Buskey* v. *Worcester,* 323 Mass. 342.

 *2.* The denial of defendant's request No. 5 without a statement of the facts found was prejudicial error. The trial judge made no findings of fact. As stated above, the judge could have found that snow or ice was not a part of the defect or a contributing cause of the injury. Such a finding would have rendered this request inapplicable. On the other hand, the judge could have found that snow or ice was a contributing cause of the injury but that there was sufficient compliance by the

plaintiff with the provisions of G. L. c. 84, §§ 18-21.

In causes tried before judges without juries, it is essential that the parties be assured that correct rules of law have been followed in the determination of the issues. *John Hetherington & Sons, Ltd.* v. *William Firth Co.*, 210 Mass. 8, 17. In the *Hetherington* case (p. 19), after stating what is not required of the judge, the court continued: "But it does require him, when refusing a request, founded upon evidence, to state expressly or by fair inference, either that the legal proposition presented is unsound or inapplicable, or that the facts upon which it is predicated are not found to be true." See also, *Bresnick* v. *Heath*, 292 Mass. 293, 298; *Strong* v. *Haverhill Electric Co.*, 299 Mass. 455, 456; *Hurley* v. *Ornsteen*, 311 Mass. 477, 480.

Rule 27 of the Rules of the District Courts (1965, as amended) provides:

"Whenever any request for rulings, founded upon evidence, shall be refused upon the ground that it is inconsistent with or inapplicable to the facts found, or because the facts recited in the request are not found, the court shall state the facts found, or the facts recited which it does not find, upon which such refusal is based, unless the same appears from special findings filed."

Unfortunately, the judge made no such

finding of facts, and the oversight can only be cured by ordering a new trial.

As was said in *Kaufmann* v. *Sydeman,* 251 Mass. 210, 217: "Our difficulty arises from being unable to say from the report upon which theory he acted. . . .The defendants were entitled to the rulings requested in a possible view of the evidence; and, though the finding may have been right, we are unable, on the report, so to determine." See also, *Markiewicz* v. *Toton,* 292 Mass. 434, 437; *Commonwealth* v. *Albert,* 310 Mass. 811, 821.

In the case at bar we are unable to say from the report upon which theory the judge acted in refusing defendant's request No. 5 in view of the fact that he made no finding which he might have done which would render the request immaterial.

Consequently, the finding for the plaintiff is set aside and a new trial ordered.

ROBERT W. MACDONALD
- for plaintiff

WARREN E. EDWARDS AND
CHRIS BYRON
for defendant