LAUTMAN v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   May 16, 1913.)

1. MUNICIPAL CORPORATIONS (§ 741*)—NOTICE OF CLAIM—SUFFICIENCY.
   A statement that certain property, consisting of merchandise, located on certain described premises, and of the value of $6,990.06, was destroyed is not sufficient to comply with Greater New York Charter (Laws 1901, c. 466) § 261, as amended by Laws 1907, c. 677, requiring notice of intention to sue the city for negligent injury to or destruction of·personal property to be accompanied by a verified statement, showing in detail the property damaged or destroyed and the value thereof, since it does not show even the property destroyed, much less show it in detail.
   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1562;  Dec. Dig. § 741.*]

2. WORDS AND PHRASES—"MERCHANDISE."
   "Merchandise" means objects of commerce;  whatever is usually bought or sold in trade, or market, or by merchants;  wares;  goods;  commodities.
   [Ed. Note.—For other definitions, see Words and Phrases, vol. 5, pp. 4472–4478;  vol. 8, p. 7721.]

3. STATUTES (§ 188*)—CONSTRUCTION—WORDS.
   The words of a statute are to be understood according to their ordinary meaning.
   [Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 266, 267, 276; Dec. Dig. § 188.*]

4. MUNICIPAL CORPORATIONS (§ 741*)—NOTICE OF CLAIM—DESCRIPTION OF PROPERTY DAMAGED.
   A notice of claim for the damage or destruction of goods should be in reasonable obedience to Greater New York Charter (Laws 1901, c. 466) § 261, as amended by Laws 1907, c. 677, requiring such notice to be accompanied by a verified statement, showing in detail the property alleged to have been damaged or destroyed.
   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1562;  Dec. Dig. § 741.*]

5. MUNICIPAL CORPORATIONS (§ 741*)—NOTICE OF CLAIM—EXTRINSIC EVIDENCE.
   The fact that the city had oral notice immediately after the loss complained of, and made an itemized list of the goods injured by its negligence, does not supply the defects in a notice which fails to conform to the requirements of the statute.
   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1562;  Dec. Dig. § 741.*]

6. PLEADING (§ 129*)—ADMISSION BY PLEADING—FAILURE TO DENY—WAIVER OF NOTICE.
   The failure of an answer to deny an allegation in the complaint that due notice in writing of a claim that a large amount of property was destroyed was given to the city does not admit that a notice had been filed showing in detail the property destroyed.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 270–275; Dec. Dig. § 129.*]

Appeal from Trial Term, Kings County.

Action by Elias Lautman against the City of New York.  Judgment for plaintiff, and defendant appeals.  Reversed and remanded.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and STAPLETON, JJ.

James D. Bell, of Brooklyn (Frank Julian Price, of Brooklyn, on the brief), for appellant.

Joseph J. Baker, of New York City (William C. Foster, of New York City, on the brief), for respondent.

THOMAS, J. [1, 2] The only point made against the plaintiff's recovery of $2,000 for injury to the goods in his store from defendant's sewer overflowing is that the notice of the intention to commence the action and the place where the damages were incurred or sustained did not contain "a verified statement showing in detail the property alleged to have been damaged or destroyed, and the value thereof," as required by section 261, Greater New York Charter (Laws 1901, c. 466, as amended by chapter 677, Laws 1907). The notice states that on a given date "certain property, consisting of merchandise belonging to the undersigned and then located in the premises occupied by him at Myrtle, Greene, and Knickerbocker avenues, Brooklyn borough, New York City, and being of the value of six thousand nine hundred and ninety and $6/100$ ($6,990.06)" was totally destroyed, etc. The notice does not even show the property destroyed, much less does it show in detail. It describes the property as "merchandise." That word means:

"The objects of commerce; whatever is usually bought or sold in trade, or market, or by merchants; wares; goods; commodities." Webster's Dictionary.

[3, 4] Hence the plaintiff, required by the statute to state in detail the property or goods, showed only that it was something bought and sold in his store at a designated place. The statutes are made for the people, and words are to be understood according to their ordinary meaning. Nothing could be plainer than the command that a person whose property had been injured should give notice that he intended to bring suit for its loss, and state what it was, and, more than that, give a detailed description as required. It is not necessary to say what detail would meet the statute; but there should be a reasonable obedience to the direction, so that the city could know what things the claimant had for which he would be paid.

[5] The notice in question does not in itself disclose the kind of goods, much less does it give a single particular as to varieties. The notice was filed in December, 1909; the goods had been sold in the previous July, and could not be traced. Hence the defendant could not learn the details from the notice or from acting upon it. But I think that extrinsic conditions cannot be considered in connection with the notice. The statute intends that the notice shall in itself be informative of the things injured. The city may have learned in other ways, as it did in the present case by prompt verbal notice, which it followed by a careful investigation of the cause of injury and inventory of goods in plaintiff's and others stores. The plaintiff, after notice, appeared in the comptroller's office and was examined,

and furnished on March 14, 1910, that office with itemized lists of the property alleged to be destroyed. But the statute is not that the notice may be general, and be supplemented by itemized statement on examination before the comptroller, or excused if the city makes independent investigation and inventory. But the law intends that, whatever else may be learned in other ways, the notice shall give detailed information.

The present instance was somewhat unusual in the destructive sweep of the water whereby property of a considerable number of people was injured or destroyed, and there is no doubt whatever but that the city in this case knew all that could be known, and that the plaintiff and others similarly affected informed it fully of this claimed damage, and that it also made a searching examination and itemized the goods lost. But this, as stated, does not amplify or particularize the notice, nor would it make the notice sufficient, even if the city acted upon it. But the city did not act on it. The flood was on June 28th, a committee of merchants went on June 30th to the comptroller's office to apprise him, and a day or two thereafter two investigators from the city visited many stores and made lists of the injured goods, and were four or five days in making a list of plaintiff's damaged goods.

[6] I will not discuss the question whether the defendant in fact waived the generality of the notice, as that question was not submitted to the jury. The answer does not deny that due notice in writing of said claim was given; that is, that a large quantity of personal property was destroyed, as alleged in the fifth subdivision of the complaint. But that admission, by failure to deny, does not admit that a notice had been filed showing in detail the property destroyed.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.