THEODORE VAN DEN BERGH, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

First Department, February 8, 1924.

Municipal corporations — city of New York — action to recover for injuries suffered by plaintiff when he fell into hole in sidewalk — accident happened on West Eighty-fifth street near rear entrance of premises known as 525 West End avenue — notice of claim and intention to sue, stating place of accident as " 525 West 85th Street," is fatally defective under Laws of 1886, chap. 572, in not specifying place of accident — compliance with statute is condition precedent to action — defect is not cured by plaintiff's testimony before comptroller's representative.

In an action against the city of New York to recover damages for injuries suffered by the plaintiff when he fell into a hole in the sidewalk on West Eighty-fifth street near the rear entrance of premises known as 525 West End avenue, the notice of claim and intention to sue, which must be filed with the corporation counsel under chapter 572 of the Laws of 1886, is fatally defective, where the place of the accident is specified in said notice to have been " in front of premises 525 West 85th Street," since there is no such number on West Eighty-fifth street.

Compliance with the provisions of the statute is a condition precedent to the commencement of an action for damages against the city of New York for personal injuries.

The defect in the notice was not cured by the testimony of the plaintiff before a representative of the comptroller, since that testimony does not definitely show

the exact place of the accident, and moreover, when a notice is not in conformity with the statute the defect may not be cured by imposing a requirement on the city to have its representative search the locality for the spot intended by the claimant either in his notice or in his examination.

CLARKE, P. J., and McAVOY, J., dissent, with opinion.

APPEAL by the plaintiff, Theodore Van Den Bergh, from a determination and order of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 10th day of May, 1923, reversing a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Seventh District, in favor of the plaintiff for $350, and dismissing the complaint on the merits.

*Thomas & Friedman [Avrom M. Jacobs* of counsel; *Stanleigh P. Friedman* with him on the brief], for the appellant.

*George P. Nicholson, Corporation Counsel [Willard S. Allen* of counsel; *John F. O'Brien* and *Thomas F. Curley* with him on the brief], for the respondent.

MARTIN, J.:

This action was brought to recover damages for personal injuries alleged to have been sustained by the plaintiff on November 4, 1921, " by reason of falling into a hole in the sidewalk at West 85th Street, New York City, in front of premises known as 525 West End Avenue." The pleadings were oral. The defendant pleaded a general denial. A statement indorsed on the back of the summons reads as follows: " Statement of the nature and substance of plaintiff's cause of action: For personal injuries sustained by plaintiff by reason of falling into a hole in the sidewalk at West 85th Street, New York City, in front of premises known as 525 West End Avenue on the 4th day of November, 1921, of which due notice of plaintiff's intention to sue has heretofore been duly filed with the Corporation Counsel, and for which a claim has heretofore been duly presented to the Comptroller of the City of New York, who has failed and refused to pay or adjust the claim."

On November 4, 1921, at about seven-thirty o'clock in the evening, plaintiff, while walking in a westerly direction on the northerly sidewalk of Eighty-fifth street between West End avenue and Riverside Drive and along the southerly side of premises known as 525 West End avenue, stepped into a hole, about seven or eight inches in depth, in front of the gate to the rear entrance of the premises known as 525 West End avenue, and sprained his left ankle. The sidewalk at the place in question is about ten or twelve feet in width.

On December 3, 1921, plaintiff served a notice of claim and intention to sue upon both the comptroller and the corporation

counsel. Thereafter and on December 28, 1921, he appeared in response to a notice from the comptroller, before an assistant corporation counsel representing the comptroller, and was examined under oath, and he thereafter signed and swore to his testimony given on such examination.

At the opening of plaintiff's case and before any testimony was taken, defendant's counsel moved to dismiss the complaint on the ground that the notice of claim and intention to sue were defective in that they failed to definitely specify the place where plaintiff fell or was injured. After a lengthy discussion between the court and counsel for the respective parties, the court finally denied defendant's motion to dismiss the complaint, and defendant's counsel duly excepted.

At the close of the whole case counsel for defendant moved to dismiss the complaint upon various grounds, among others the following: " That the notice which was served upon the Corporation Counsel and upon the Comptroller of the City of New York is fatally defective, in that the place where the accident happened or is alleged to have happened is not definitely specified in such notice."

The court denied defendant's motion to dismiss the complaint upon the grounds urged, and exception was duly noted by defendant's counsel. He then moved for judgment on the merits. The court awarded judgment for plaintiff in the sum of $350. On December 19, 1922, judgment was docketed in the office of the clerk of said Municipal Court for the sum of $378. Thereafter defendant duly appealed to the Appellate Term of the Supreme Court, bringing the appeal on for argument at the April, 1923, term.

On May 10, 1923, the Appellate Term, filing an opinion (199 N. Y. Supp. 786), entered an order reversing the judgment of the Municipal Court and dismissing the complaint on the merits.

Section 261 of the Greater New York charter (Laws of 1901, chap. 466, as amd. by Laws of 1912, chap. 452), in so far as it is material in the present case, provides as follows:

" § 261. No action or special proceeding, for any cause whatever, shall be prosecuted or maintained against the city of New York, unless it shall appear by and as an allegation in the complaint or necessary moving papers that at least thirty days have elapsed since the demand, claim or claims upon which such action or special proceeding is founded were presented to the comptroller of said city for adjustment, and that he has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment  *  *  *."

Chapter 572 of the Laws of 1886 provides in part as follows:

" Section 1. No action against the mayor, aldermen and commonalty of any city in this State having fifty thousand inhabitants or over, for damages for personal injuries alleged to have been sustained by reason of the negligence of such mayor, aldermen and commonalty, or of any department, board, officer, agent or employee of said corporation, shall be maintained, unless the same shall be commenced within one year after the cause of action therefor shall have accrued, nor unless notice of the intention to commence such action and of the time and place at which the injuries were received shall have been filed with the counsel to the corporation or other proper law officer thereof within six months after such cause of action shall have accrued."

Compliance with the provisions of these statutes is a condition precedent to the commencement of an action for damages against the city of New York for personal injuries. (*Curry* v. *City of Buffalo,* 135 N. Y. 366; *Mertz* v. *City of Brooklyn,* 33 N. Y. St. Repr. 577; *Weston* v. *City of Troy,* 139 N. Y. 281.)

The notice of claim and intention to sue, served upon the corporation counsel, reads, in part:

" Please take notice that I, Theodore Van Den Bergh residing at 327 West 85th Street, Borough of Manhattan, New York City, hereby claim damages against the City of New York in the sum of Three Thousand Dollars ($3,000) for personal injuries suffered by me by reason of falling, due to stumbling over a broken sidewalk in the street known as West 85th Street, Borough of Manhattan, New York City, in front of premises *525 West 85th Street,* in said part of City, at about 7:30 o'clock P. M. on the 4th day of November, 1921,  *  *  *."

There is no such street number as 525 West Eighty-fifth street. The numbers of the houses at the westerly end of that street, where the highest numbers will be found, are all under the number 400. That being the case, the notice of claim and intention to sue was fatally defective for the reason that it was not correct notice of the place where the accident happened. It did not correctly specify the " place at which the injuries were received." A notice which states a non-existing place is defective and insufficient. (*Reining* v. *City of Buffalo,* 102 N. Y. 308, 310, 311.)

In *Weisman* v. *City of New York* (219 N. Y. 178) Judge HISCOCK, writing for the court, said (at p. 187):  " In a large city like New York it is of the utmost importance that its officials should be accurately informed concerning the alleged date and location of an accident.  *  *  *.

" If it should be thought that this interpretation of the statute

may at times result in unnecessary hardship to a litigant where an amendment of the notice might be allowed without injury to the municipality this method of relief rests with the Legislature through amendment of the statute."

In *Learned* v. *Mayor, etc.* (21 Misc. Rep. 601, 603), Mr. Justice McADAM said: "The notice was misleading, and not such as the statute contemplated. To hold it sufficient wou'd defeat, the very object of the Legislature, which was to protect the municipality from claims like the one made, by enabling its officials to examine the *locus in quo* without delay, obtain witnesses, and make diagrams or photographs of the place to be used in case they determined that the claim ought to be resisted. The statute is mandatory that the notice shall state ' the time and place at which the injuries were received,' and that no action shall be maintained against the municipality unless such notice shall have been given; and such notice is in the nature of a condition precedent to the right of recovery."

The purpose of the statute, it has been held, is to give the city an opportunity to promptly investigate the case. The city cannot investigate on the basis of the notice when, due to a mistake in it, the place is not even indicated.

In *Purdy* v. *City of New York* (193 N. Y. 521, 524) the court said: "It may be assumed that the reference to the place was such that the city authorities might have been able to locate it, but it would have been by conjecture rather than proof. This is not enough. Given a case in which there were several or more such places as were referred to in the notice, the authorities might be deceived and misled rather than informed by such a notice. * * *

" It is further contended in behalf of the respondent that the retention of the notice by the city authorities without objection as to its sufficiency constitutes a waiver on its part of the right to rely upon the defects in the notice as a defense to the action. The statute imposes no active duty in this behalf upon the law officer of the city. It would doubtless have been an act of courtesy had he called attention to the defect in time to have enabled plaintiff, or his counsel, to have remedied the defect, but it would be going too far to hold that the failure to do so effected a waiver by the city of its right to object to the insufficiency of the notice. In *Forsyth* v. *City of Oswego* (191 N. Y. 441) the claim required to be filed by the plaintiff was defective in failing to state the time of the accident. There the written claim was not only retained without objection, but the claimant was examined by the city attorney before the claims committee of the common council."

In *Lautman* v. *City of New York* (157 App. Div. 219, 221) the court said: " Hence the defendant could not learn the details from the notice or from acting upon it. But I think that extrinsic conditions cannot be considered in connection with the notice. The statute intends that the notice shall in itself be informative of the things injured. The city may have learned in other ways, as it did in the present case by prompt verbal notice, which it followed by a careful investigation of the cause of injury and inventory of goods in plaintiff's and other stores. The plaintiff after notice appeared in the comptroller's office and was examined, and furnished, on March 14, 1910, that office with itemized lists of the property alleged to be destroyed. But the statute is not that the notice may be general and be supplemented by itemized statement on examination before the comptroller, or excused if the city makes independent investigation and inventory. But the law intends that whatever else may be learned in other ways, the notice shall give detailed information."

In *Casey* v. *City of New York* (217 N. Y. 192, 195) Judge Pound, writing for the court, said: " The city had no difficulty in finding the spot where plaintiff fell and making its measurements soon after the accident, and as the first purpose of the statute is to enable the city to conduct its investigations intelligently, it is urged that the notice, vague as it is, is definite enough to serve that purpose in this case  *(Beyer* v. *City of North Tonawanda,* 183 N. Y. 338.) The city is entitled to know not alone where the accident in fact happened, but also where the injured person *claims* that it happened. The two points are not necessarily and invariably identical, and the rule requiring a particular location to be stated in the notice should not be greatly relaxed merely because the conjectures of the city officials as to its meaning prove accurate."

In *Winter* v. *City of Niagara Falls* (190 N. Y. 198, 203) the court said: " Municipal liability for injuries is a matter that is within the control of the Legislature and when it is enacted what that liability shall be, and the conditions upon which it may be enforced are prescribed, the statutory provisions are controlling upon the subject."

In *Forsyth* v. *City of Oswego* (191 N. Y. 441, 445) the court said: " Neither is the fact that the plaintiff was given a hearing before that committee evidence of the defendant's intention to waive anything. The defendant had the right to investigate the circumstances under which the claim arose before deciding what action it would take. Municipal corporations, acting through their officers and agents, have the right to conduct such investigations for the very purpose of ascertaining whether they are

liable or not." (*Winter* v. *City of Niagara Falls, supra; Walden* v. *City of Jamestown,* 178 N. Y. 217.)

In *Weisman* v. *City of New York* (*supra,* 182) the court said: " Under all of these circumstances the law is perfectly clear that a claimant is not relieved from failure to comply with the statute because he ·has been examined as to the details of his claim or because it might be supposed that the defendant has not suffered from a mistake in the notice.' (See *Tynan* v. *City of New York,* 223 N. Y. 596.)

Appellant argues that under the decision in *Sweeney* v. *City of New York* (225 N. Y. 271) the notice should be held sufficient. The *Sweeney* case has no application. The question there involved was whether a notice, proper in form, erroneously served on the comptroller, which was received by the corporation counsel, should be held sufficient.

It is now asserted by plaintiff that, although the notice may have been defective, the defect was cured by h's testimony taken before the comptroller's representative. In that testimony the plaintiff does not definitely locate the place where the accident occurred. It is almost as indefinite as the notice. The part of the examination with which we are most concerned is as follows: " Q. Now you are the man that is making this claim against the City? A. Yes. Q. When were you hurt? A. 4th of November. * * * Q. What day of the week was that? A. That was Friday night. * * * Q. Where was it, what place? A. West 85th Street, about *150 feet in the street on the north side of the street.* Q. Was it on the sidewalk or in the roadway? A. On the sidewalk. Q. Do you know the number of the house? A. Yes, sir, West End Avenue, 525, it is owned by Borchard, 2596 Broadway."

It would be difficult from this testimony to arrive at a certain conclusion as to the place referred to by plaintiff. Moreover, when a notice is not in conformity with the statute, the defect may not be cured by imposing a requirement on the city to have its representative search the locality for the spot intended by claimant either in his notice or his examination.

The determination of the Appellate Term was correct and should be affirmed, with costs.

DOWLING and FINCH, JJ., concur; CLARKE, P. J., and McAVOY, J., dissent.

CLARKE, P. J. (dissenting):

On December 3, 1921, the following notice was served upon the corporation counsel and on the same date a similar notice was served upon the comptroller of the city of New York:

" To CHARLES L. CRAIG,

" *Comptroller of the City of New York,* and

" JOHN P. O'BRIEN, *Corporation Counsel of the City of New York:*

" Please take notice that I, Theodore Van Den Bergh residing at 327 West 85th Street, Borough of Manhattan, New York City, hereby claim damages against the City of New York in the sum of Three Thousand Dollars ($3,000) for personal injuries suffered by me by reason of falling, due to stumbling over a broken sidewalk in the street known as West 85th Street, Borough of Manhattan, New York City, in front of premises 525 West 85th Street, in said part of City, at about 7:30 o'clock P. M. on the 4th day of November, 1921, by reason of which injuries I suffered and sustained a sprained left foot, ankle and wrist and strained ligaments in my said left foot, ankle and wrist and was otherwise injured and bruised and unless such claim is duly adjusted and paid within the time specified by law, I shall commence action against the City of New York to recover said sum of Three Thousand Dollars ($3,000) by reason of said injuries.

" Dated, New York, the 2nd day of December, 1921.

" THEODORE VAN DEN BERGH, Claimant,

" 327 West 85th Street,

" Borough of Manhattan,

" New York City.

" THOMAS & FRIEDMAN,

" Attorneys for Claimant,

" 2 Rector Street,

" Borough of Manhattan,

" New York City."

Under date of December 22, 1921, the plaintiff received the following letter:

" THE CITY OF NEW YORK,

DEPARTMENT OF FINANCE;

COMPTROLLER'S OFFICE,

"*December* 22, 1921.

" THEODORE VAN DEN BERGH:

" By Section 149 of ' The Greater New York Charter ' (Chapter 466, Laws of 1901),* it is provided that ' the Comptroller may require any person presenting for settlement an account or claim for any cause whatever, against the Corporation, to be sworn before him touching such account ' or claim, and when so sworn to answer orally as to any facts relative to the justness of such ' account or claim.'

---

* Amd. by Laws of 1917, chap. 401. Since amd. by Laws of 1923, chap. 667.— [REP.

First Department, February, 1924.        [Vol. 208

" In accordance with the power thus conferred upon me, I hereby require you to appear and be sworn before me, at the office of the Corporation Counsel, Room 1720, Municipal Building, Borough of Manhattan, on the 28th day of December, 1921, at 3:10 o'clock in the afternoon of that day, to answer orally as to any facts relative to the justness of a certain account or claim against the Corporation, which was presented by you for settlement on December 3rd, 1921, the said claim being for $3,000.00 for personal injuries alleged to have been sustained on the 4th day of November, 1921, by reason of defective sidewalk in front of premises 525 West 85th Street, Borough of Manhattan.

" Mr. Lester W. Eisenberg, Assistant Corporation Counsel, will conduct the examination."

On the twenty-eighth day of December the plaintiff appeared at the office of the corporation counsel as was required by said notice and was examined by Mr. Eisenberg, an assistant corporation counsel, and being questioned by him testified as follows: " Q. Now, you are the man that is making this claim against the City? A. Yes. Q. When were you hurt? A. 4th of November. * * * Q. What day of the week was that? A. That was Friday night. Q. What time? A. 7:30. Q. Where was it, what place? A. West 85th Street about 150 feet in the street on the north side of the street. Q. Was it on the sidewalk or in the roadway? A. On the sidewalk. Q. Do you know the number of the house? A. Yes, sir, West End Avenue, 525, it is owned by Borchard, 2596 Broadway. Q. What were you doing at that time? A. I was coming from Amsterdam Avenue, * * * walking * * * towards Riverside Drive on West 85th Street. Q. What happened as you got to this place? A. There is the sidewalk and we were walking along, you know, I and him were talking, all of a sudden I went head over heels, I hurt this wrist and the bones of the foot and ankle [indicating left wrist and left ankle]. Q. You were walking west? A. Yes, sir. Q. What caused you to fall head over heels? A. The sidewalk was giving way like this about eight inches [indicating], it was standing like that, the whole sidewalk was gone, right in the middle was a deep hole, and I come along and walked along, the minute I passed along my foot struck some part of the cement, I went head over heels. To save myself I threw my hand down that way. * * * Q. What part of the sidewalk was this — in the middle of the sidewalk near the house line or near the curb? A. It was in the middle of the sidewalk. Q. How large was this hole? A. Must be five to six feet in diameter. Q. How deep is it? A. Must be about eight inches. Q. Eight inches at the deepest part? A. Yes.

Q. It runs like a V shape?   A. The concrete was broke, you know. Q. That is a concrete sidewalk?   A. Yes.   Q. Was it night time or was it still day light?   A. Night, seven-thirty."

On the 3d of January, 1922, the corporation counsel's office sent the following letter to the plaintiff's attorney:

" SIR.— I enclose two copies of the examination of the claimant in the above entitled matter. Please have the copy marked ' Original ' verified by your client, and return it to me at your earliest convenience. The other copy you may keep. In returning the examination will you kindly leave it at my office or address same to me, at the Municipal Building, N. Y. City.

" Very respectfully,
" J. H. GREENER,
" *Chief Clerk.*"

And on January 11, 1922, the plaintiff's attorney sent the following letter to the corporation counsel:

" Attention Mr. Eisenberg.
" DEAR SIR:   Re: Theodore Van Den Bergh

" We enclose herewith the examination of the above claimant, verified by him pursuant to your request."

The ground upon which the learned Appellate Term reversed the judgment of the Municipal Court in favor of the plaintiff was, that in the original notice served upon the corporation counsel, the place of the accident was stated to be in front of premises 525 West Eighty-fifth street, and that there was no such number. (See 199 N. Y. Supp. 786.) The lot of 525 West End avenue extends up Eighty-fifth street, and the plaintiff fell on the sidewalk on the side of that lot and the mistake was in stating 525 West Eighty-fifth street instead of 525 West End avenue. He fell on West Eighty-fifth street and it was in front of the side of the lot of 525 West End avenue. The court held that by reason of this improper designation in the notice it was fatally defective.

Chapter 572 of the Laws of 1886 provides that notice of the intention to commence action against a municipal corporation, and of the time and place at which the injuries were received, must be filed with the counsel to the corporation within six months after such cause of action shall have accrued.

In *Sweeney* v. *City of New York* (225 N. Y. 271) the Court of Appeals said:   " This provision should be reasonably construed. Its purpose is to protect the city against unfounded claims by enabling its law officers to investigate promptly the circumstances surrounding the alleged accident and the place where it is said

6

to have occurred. It is not a trap to catch the unwary or the ignorant."

In that case two informal letters had been sent to the finance department which came into possession of the corporation counsel and thereafter an investigator from this department had interviewed the plaintiff as to the accident. The complaint was dismissed on the ground that the notice given was insufficient. The court said: " The important questions for our consideration, therefore, are whether the two letters can be considered a notice within the meaning of the act of 1886. Were they filed with the corporation counsel? Do they adequately state the place of the injury and an intention to begin an action? * * * ' Notice ' is to be given of certain facts and purposes. It must be more than an oral notice for it is to be filed, but its form is not specified nor is any signature or oath required. It may be drawn by the ignorant or the illiterate, but the information required is to be communicated in writing to the corporation counsel. He is to be told of the accident, of its time and place and that the person injured intends to sue the city. If such information so comes to him, the object of the statute is attained. Whether in one paper or two is immaterial. In either event, he has before him in writing the knowledge which the Legislature intended that he should have so that he may properly protect the city. * * * The rule we adopt is that if a paper of the character required comes into his possession within the time limited by the statute, it is unimportant how the possession is acquired. The object of the statute is accomplished."

It seems to me as the assistant corporation counsel examined the plaintiff; as his testimony clearly showed the place of the accident; as this examination was written out and verified by the plaintiff and was received by the corporation counsel on the 11th day of January, 1922, the accident having taken place on the 4th day of November, 1921; that it was well within the six months required by the statute; that, within the rule of reasonable construction laid down by the Court of Appeals in the *Sweeney Case* (*supra*), the intent of the statute was accomplished, namely, that within six months the claimant should have filed with the corporation counsel a written notice of the time when and the place where the accident took place and of his intention to sue.

I vote to reverse the determination of the Appellate Term and reinstate the judgment of the Municipal Court.

McAVOY, J., concurs.

Determination affirmed, with costs.