KATHERINE PALM, Respondent, *v.* CITY OF MOUNT VERNON, Appellant.

Second Department, May 22, 1925.

**Municipal corporations — negligence — action for personal injuries against city of Mount Vernon — filing claim — motion to strike out defense that claim was not filed as required by Mount Vernon City Charter (Laws of 1922, chap. 490), § 92 — said section does not relate to claims for personal injuries but to contract claims — Mount Vernon city charter, § 265, relates to personal injury claims — defense stricken out.**

In an action against the city of Mount Vernon to recover damages for personal injuries suffered by the plaintiff, the court properly struck out of defendant's answer the defense that plaintiff had not filed his claim as required by section 92 of the Mount Vernon City Charter (Laws of 1922, chap. 490), for that section relates exclusively to contract claims and not to personal injury claims; section 265 of the Mount Vernon City Charter governs personal injury claims.

APPEAL by the defendant, City of Mount Vernon, from an order of the County Court of the county of Westchester, entered in the office of the clerk of said county on the 7th day of November, 1924, granting plaintiff's motion to strike out a defense contained in the answer.

*Hugh M. Hewson,* Corporation Counsel, for the appellant.

*Jeremiah D. Toomey,* for the respondent.

JAYCOX, J.:

This action was brought to recover for personal injuries (negligence). The defendant interposed an answer setting up a separate defense. The plaintiff moved to strike out this defense. The ground of the motion apparently was that the defense was insufficient upon the face thereof. The complaint alleged compliance with section 265 of the Charter of the City of Mount Vernon (Laws of 1922, chap. 490). This section requires that a verified claim in writing shall be presented to the common council of the city of Mount Vernon and served upon the mayor or city clerk within three months after the happening of the accident, and also further requires that a notice of intention to sue shall be served upon the corporation counsel of the city.

The defense which has been stricken out alleged the failure to comply with section 92 of the charter of said city. The following is a copy of that section:

" § 92. Claims against the city. No claim against the city, except for a fixed salary, for the principal or interest on a bonded or funded debt or other loan, or for the regular or stated com-

Second Department, May, 1925.         [Vol. 213

pensation of officers or employees in any city department, or for work performed or materials furnished under contract with the city, shall be paid, unless a claim therefor, verified by or on behalf of the claimant, approved by the purchasing agent or by the head of the department or officer whose action gave rise or origin to the claim, shall have been presented to the comptroller, and shall have been audited and allowed by him. The comptroller shall cause each such claim, upon presentation to him for audit, to be numbered consecutively and the number, date of presentation, name of claimant and brief statement of character of each claim shall be entered in a book kept for such purpose, which shall at all times during office hours be so placed as to be convenient for public inspection and examination. No claim shall be audited or paid until at least five days have elapsed after its presentation to the comptroller, and the comptroller shall not be required to audit a claim until two weeks have expired after the expiration of such period of five days. The comptroller is authorized, in considering a claim, to require any person presenting the same for audit to be sworn before him touching the justness and accuracy of such claim, and to take evidence and examine witnesses in reference to the claim, and for that purpose he may issue subpœnas for the attendance of witnesses. If the claimant be dissatisfied with the audit, he may appeal to the board of estimate and contract by serving notice of appeal in writing upon the comptroller and the common council at any time before the first regular meeting of the common council that is held after he received the comptroller's audit. If the common council or any taxpayer be dissatisfied with the audit, it or he may appeal to the same board on behalf of the city, in like manner, by serving notice of appeal upon the claimants, and the comptroller within ten days after the meeting of the common council at which such claims shall have been reported by the comptroller. The board of estimate and contract shall make rules for the procedure upon the hearing of such appeals, and the decision and audit of that board, after the hearing upon the appeal to it, shall be final and conclusive as to the amount of the claim; but if there be no appeal from the original audit it shall in like manner be final and conclusive. The comptroller and the board of estimate and contract upon an appeal to it, as herein provided, shall have authority to take evidence and examine witnesses in reference to the claim and for that purpose may issue subpœnas for the attendance of witnesses; and the comptroller and each member of the board of estimate and contract is hereby declared to be *ex officio* a commissioner of deeds. When a claim has been finally audited by the comptroller he shall endorse

thereon or attach thereto his certificate as to such audit, and the same shall thereupon be filed in and remain a public record in his office. If any person shall present to the comptroller for audit a claim in the name of any person or firm other than that of the actual claimant, he shall be guilty of a misdemeanor."

The leading case upon the subject of whether a plaintiff is required to comply with two different provisions as to the presentation of claims is *Curry* v. *City of Buffalo* (135 N. Y. 366), in which it was held that a plaintiff had to comply with the provision of the charter requiring presentation of her claim to the common council for audit and also to give notice to the corporation counsel of her intention to sue. The first provision was contained in the then existing charter of the city and the second provision was contained in the general law of the State (Laws of 1886, chap. 572).* It was there held that compliance was necessary with both of these provisions, and the court said: " The whole matter of the maintenance of this class of actions was within the control of the Legislature. It could refuse a right of action against municipalities for such injuries, and it could impose any conditions precedent to the maintenance of such actions. It could require notice of the intention to commence them to be served both upon the common council and upon the corporation counsel, and an act requiring the one notice would not be inconsistent with an act requiring the other. Here the Legislature required the presentation of the claim to the common council for its action thereon, and the notice to the corporation counsel for his information and to govern and influence his official conduct. These actions against cities are numerous, and the Legislature seems to have been solicitous to protect them so far as possible against unjust or excessive claims, and also against the improvident or collusive allowance of such claims by municipal officers." (P. 370.)

These provisions are alike applicable to actions *ex delicto* as well as actions *ex contractu.* (*Pulitzer* v. *City of New York,* 48 App. Div. 6.) *Casey* v. *City of New York* (217 N. Y. 192) has long been considered an authority for holding that in actions against that city both the notice required by chapter 572 of the Laws of 1886 and by section 261 of the Greater New York charter (Laws of 1901, chap. 466, as amd. by Laws of 1912, chap. 452) must be served and the service must be alleged in the complaint. The same holding has recently been made in the First Department in *Van Den Bergh* v. *City of New York* (208 App. Div. 72), where the court, after

---

* Repealed except as to the city of New York by section 240 of the General Municipal Law of 1909.— [REP.

citing the charter provisions and the law above referred to, said: " Compliance with the provisions of these statutes is a condition precedent to the commencement of an action for damages against the city of New York for personal injuries."

This, however, is far from holding that both sections of the Charter of the City of Mount Vernon must be complied with before an action can be maintained against that city for personal injuries. I am of the opinion, *first,* that section 92 has no relation to a claim for personal injuries, while section 265 is exclusive upon that subject; and *second,* I think the two provisions cannot be harmonized and both applied to an action for personal injuries. If section 265 relates exclusively to actions for personal injuries, it is of course the only provision with which a plaintiff in such an action must comply. Section 92 relates to claims against the city and provides that no such claim shall be paid unless a claim therefor, verified by or on behalf of the claimant, approved by the purchasing agent or by the head of the department or officer whose action gave rise or origin to the claim, shall have been presented to the comptroller and shall have been audited and allowed by him. This, I think, relates solely to claims *ex contractu.* The section further provides for an appeal by the claimant if he is dissatisfied with the audit. The appeal is to the board of estimate and the board is empowered to make rules of procedure for the hearing of such appeals; and the decision of that board " shall be final and conclusive as to the amount of the claim; but if there be no appeal from the original audit it shall in like manner be final and conclusive." It provides for the production of witnesses and the taking of testimony; makes the comptroller and each member of the board of estimate *ex officio* a commissioner of deeds. This, apparently, is for the purpose of giving them authority to administer oaths.

Section 265, as I have stated, relates entirely to actions for damages for injuries to the person or property. It provides that no action shall be maintained unless written notice of the defective and unsafe condition was actually given to the commissioner of public works unless the same shall have continued for such a period that the same should have been discovered and remedied in the exercise of reasonable care and diligence. It provides further for the presentation of a claim in writing, verified by the oath of the claimant, giving the details which have been alleged in the complaint. This notice shall be presented to the common council and served upon the mayor or the city clerk and a notice of intention to commence an action shall be served upon the corporation counsel; and the action must be commenced within one

year after the happening of said accident. No action shall be commenced until three months after the service of this notice upon the corporation counsel.

My view of section 92 is that it is a complete method of determining claims *ex contractu* against the city. It provides for the presentation of the claim, its audit by the comptroller and then provides for an appeal to the board of estimate and makes the result of that appeal final and conclusive. Therefore, any claim that may be presented under this section of the charter cannot be made the subject of an action. If the claim is presented and the comptroller fails to act upon it, the remedy, of course, is by mandamus to compel action. If he does act upon it and the claimant is dissatisfied his sole remedy is an appeal to the board of estimate and their determination is final and conclusive. On the other hand, section 265 relates entirely to actions against the city for damages for injuries to the person or property. The whole scheme of this section is to provide a method by which claims may be promptly and accurately presented to the city in order that an examination may be made into the justice of them. It further provides for a notice to the corporation counsel and delays action thereon until three months after presentation of the notice to him. It also contains a special Statute of Limitations upon such actions.

The order granting the motion was right and should be affirmed, with ten dollars costs and disbursements.

KELLY, P. J., MANNING, KELBY and KAPPER, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.