JOSEPH SCHORR, Respondent, *v.* NEW YORK CITY HOUSING AUTHORITY, Appellant.

First Department, February 8, 1946.

*Seymour J. Bernstein* of counsel (*Louis Helfenstein* with him on the brief; *Norman Lustig,* attorney), for appellant.

*Joseph J. Einhorn* of counsel (*Frank Zuckerbrot,* attorney), for respondent.

DORE, J.    Plaintiff, a tenant in the multiple dwelling owned and operated by defendant, was injured on August 30, 1943, when pieces of plaster from the ceiling in the bedroom of his apartment fell on him.    After a trial before the court and jury in the City Court, judgment for $1,094.45 was entered in plaintiff's favor and has been unanimously affirmed by the Appellate Term.

On appeal, by leave of this court, defendant concedes plaintiff's proof of defendant's negligence, his own freedom from contributory negligence and damages sufficient to sustain the verdict in his behalf.    The sole issue raised is the sufficiency of the notice of claim served on defendant pursuant to the requirements of section 157 of the Public Housing Law.    So far as relevant, that section requires (subd. 2) " a verified statement showing in detail * * * the injuries alleged to have been received * * *."    Defendant contends that plaintiff's notice was not " verified " and that it failed to show " in detail " the injuries received.

The written notice and statement duly filed by plaintiff was signed by him and sworn to before a notary public.    We think it fulfilled the requirement of section 157 that a " verified statement " be made.    This aspect of the case is governed by *Matter of Levine (Town of Fallsburgh)* (287 N. Y. 243).    In that case the statute required a " verified " claim and the Court of Appeals held that a conventional affidavit of verification in the form prescribed for pleadings by rules 99 and 100 of the Rules

of Civil Practice was not required but an affidavit signed and sworn to by the claimant fully answered the statutory requirement.

*Ponsrok* v. *City of Yonkers* (254 N. Y. 91) is not in point as, there, the affidavit was not signed by the claimant. Here, the notice of claim is signed and sworn to before a notary.

*Thomann* v. *City of Rochester* (256 N. Y. 165, 175) is not controlling. In that case the notice of claim was not filed until nearly four years after the inception of the nuisance complained of and the case was considered upon the assumption that the claim failed " because of the delay in the service of the statutory notice."

Defendant further claims that the notice was fatally defective in that plaintiff failed to set forth " in detail " the injuries received. The claim states that plaintiff was struck by pieces of plaster falling from the ceiling and as a result sustained severe and permanent injuries to the plaintiff's " limbs and body." The evidence at the trial established that plaintiff had a fracture of the right big toe.

We think the notice is in substantial compliance with the statute. The object of the notice is to give the city authorities time to investigate and, if the claim is good, to pay without suit. (*Kamnitzer* v. *City of New York,* 265 App. Div. 636, 639.) The information given was sufficient as a statement of claim to enable the city to investigate and nothing more was required. (*Rivero* v. *City of New York,* 290 N. Y. 204, 208.)

In *Place* v. *City of Yonkers* (43 App. Div. 380) the notice of claim was " severe and permanent injury to my head and body." The injury proved was an injury to the eye. The court held the notice sufficient.

That the injuries need not be set forth in the notice with the same definiteness as in a bill of particulars, is indicated by the fact that the statute gives defendant the right to examine the claimant under oath (Public Housing Law, § 157, subd. 3) and a bill of particulars may be required. In this case defendant obtained a complete statement of the injuries in a verified bill of particulars and had the claimant examined by its own doctor after the notice of claim was filed.

*Lautman* v. *City of New York* (157 App. Div. 219) is not decisive of this case. There, the plaintiff sued the city to recover for damage to plaintiff's goods by the overflow of defendant's sewer and the notice merely described the property injured as " merchandise." Cases involving property damage differ from personal injury cases where the defendant can obtain a physical

examination. It is not always possible to inspect property claimed to have been damaged or destroyed.

Here, defendant makes no claim of prejudice and indeed can establish none. The claim has been justly determined on the merits and plaintiff should not be put out of court by merely technical objections to the form of the notice and statement of claim. The Court of Appeals said in *Clark* v. *Kirby* (243 N. Y. 295, 303): "All procedure is merely a methodical means whereby the court reaches out to restore rights and remedy wrongs; it must never become more important than the purpose which it seeks to accomplish. Unless some necessary requirement has been omitted, a wrong move or a mistake in the method of seeking relief from the courts ought not to furnish protection for a wrongful act."

The determination of the Appellate Term and the judgment of the City Court should be affirmed, with costs and disbursements to respondent.

MARTIN, P. J. (dissenting). The plaintiff, a tenant in premises 805 East 5th Street, borough of Manhattan, city of New York, brought this action to recover damages for personal injuries sustained when plaster fell from a bedroom ceiling in his apartment. A judgment in favor of the plaintiff was entered in the City Court after a trial before the court and jury; that judgment was affirmed by the Appellate Term. On this appeal, the defendant, a semi-public institution, contends that the notice of claim served upon it by the plaintiff was defective in that it did not comply with the provisions of the Public Housing Law.

Section 157 of the Public Housing Law provides that a notice of intention to commence an action must be filed showing: "the time when and place where the damages were incurred or the injuries were received, together with a verified statement showing in detail the property alleged to have been damaged or destroyed or the injuries alleged to have been received, and the value of the damages claimed therefor * * *."

The notice served by the plaintiff on the defendant, in alleged compliance with the above section, contains the following: "* * * I was struck by pieces of plaster which fell from the ceiling, and as a result thereof, sustained severe, painful and permanent injuries to my limbs and body."

That statement does not comply with the provisions of the statute which require a verified statement showing "in detail" the injuries alleged to have been received. It is important that a public authority should receive prompt notice of details

of property claimed to have been damaged or injuries claimed to have been received. If the damage or the injury is serious, a proper notice gives an opportunity for protection by an immediate and extensive investigation. If the statement discloses that the damage or injury is slight, a routine investigation will generally suffice. In addition, the requirement that a notice be served setting forth "in detail" the "injuries alleged to have been received" limits the cause of action, which may thereafter be instituted, to the injuries set forth in the notice. The Legislature has inserted such a provision in the law to protect the interests of the public as represented by the New York City Housing Authority.

The Court of Appeals has stated that the courts are without power to substitute a notice different from that which the Legislature has required.

In *Thomann* v. *City of Rochester* (256 N. Y. 165, 172) Chief Judge Cardozo, writing for the court, said: "The Legislature has said that a particular form of notice, conveyed with particular details to particular public officers, shall be a prerequisite to the right to sue. The courts are without power to substitute something else."

In that same case he said: "The requirement is strict, but not so strict as to be arbitrary. A judgment against a municipal corporation must be paid out of the public purse. Raids by the unscrupulous will multiply apace if claims may be postponed till the injury is stale. The law does not condemn as arbitrary a classification of rights and remedies that is thus rooted in the public needs [cases cited]. The time allowed is short, yet adequate in general to enable diligence to move * * *."

A statute which required a verified statement showing "in detail" the property alleged to have been damaged was construed in *Lautman* v. *City of New York* (157 App. Div. 219). In that case the notice did not disclose the kind of goods alleged to have been damaged. The court said: "* * * Hence the defendant could not learn the details from the notice or from acting upon it. But I think that extrinsic conditions cannot be considered in connection with the notice. The statute intends that the notice shall in itself be informative of the things injured. The city may have learned in other ways, as it did in the present case by prompt verbal notice, which it followed by a careful investigation of the cause of injury and inventory of goods in plaintiff's and other stores. The plaintiff after notice appeared in the comptroller's office and was examined, and furnished, on March 14, 1910, that office with itemized

lists of the property alleged to be destroyed. But the statute is not that the notice may be general and be supplemented by itemized statement on examination before the comptroller, or excused if the city makes independent investigation and inventory. But the law intends that whatever else may be learned in other ways, the notice shall give detailed information."

The *Lautman* case was cited with approval by this court in *Van Den Bergh* v. *City of New York* (208 App. Div. 72).

To hold that a notice such as was filed in this case complies with the provisions of section 157 of the Public Housing Law is tantamount to holding that a notice is unnecessary.

The notice of claim does not comply with the requirements of the Public Housing Law. The determination of the Appellate Term and the judgment of the City Court should be reversed and the complaint dismissed.

GLENNON, CALLAHAN and PECK, JJ., concur with DORE, J.; MARTIN, P. J., dissents in opinion.

Determination affirmed, with costs and disbursements. [See *post*, p. 834.]