ROSE M. BELARDINELLI, an Infant by MICHAEL BELARDINELLI, Her Guardian ad Litem, et al., Plaintiffs, *v.* NEW YORK CITY HOUSING AUTHORITY, Defendant.

Supreme Court, Special Term, New York County, September 24, 1946.

*William Gibbs* for plaintiffs.

*John J. Stewart* and *John P. Smith* for defendant.

PECORA, J. In this, and a companion case, brought on behalf of infants to recover for injuries sustained in an accident on August 8, 1945, in the Queens Bridge Housing Project, in Long Island City, application is made for leave to serve amended notices of claim, *nunc pro tunc* as of January 25, 1946. Plaintiffs show that notices of claim were served upon the defendant, but that although duplicate originals were so served they contained no verification. As to the infant plaintiffs, one, two and a half years old and the other six years, at the time of the accident, the court always had power to grant such relief (*Murphy* v. *Village of Fort Edward,* 213 N. Y. 397; *Russo* v. *City of New York,* 258 N. Y. 344; *Briggs* v. *Village of Peekskill,* 259 App. Div. 19). The facts here commend themselves to the exercise of the court's discretion to permit amendment. As to the cause of action of the father, I hold that section 50-e of the General Municipal Law (L. 1945, ch. 694) applies to actions against this defendant, and that a court is empowered to correct or supply a mistake or defect made in good faith in the notice of claim required to be served. Plaintiffs' application to serve an amended notice of claim *nunc pro tunc* and an amended complaint is granted. Service shall be made within ten days after service of a copy of the order to be entered hereon with notice of entry. Motion for an examination before trial is denied without prejudice to a renewal after issue is joined upon the amended pleading. Settle order.