ANNA KAUFMAN, Plaintiff, *v.* NEW YORK CITY HOUSING AUTHORITY, Defendant.

Supreme Court, Special Term, Kings County, October 14, 1946.

*Isidore Halpern, Bernard Meyerson* and *Morris Akner* for plaintiff.

*Clarence E. Mellen* and *James H. Brassil* for defendant.

WALSH, J. Plaintiff moves to amend her original notice of claim to include a verification. The notice of claim served in this negligence action admittedly fails to conform to the requirements of the statute (Public Housing Law, § 157, subd. 2). However, plaintiff relies upon the provisions of chapter 694 of the Laws of 1945 to sustain her right to amend the notice.

This 1945 statute amended the General Municipal Law, County Law, Town Law, Village Law, Second Class Cities Law, Education Law and Highway Law, with respect to a notice of claim filed in a tort action " against a public corporation, as defined in the general corporation law ". Subdivision 6 of section 50-e of the General Municipal Law provides: " Before the trial of an action or the hearing upon a special proceeding to which the provisions of this section are applicable, a mistake, omission, irregularity or defect made in good faith in the notice of claim required to be served by this section, not pertaining to the manner or time of service thereof, may be corrected, supplied or disregarded, as the case may be, in the discretion of the court, provided that it 'shall appear that the other party was not prejudiced thereby. Application for such relief shall be made before trial by motion, on affidavits."

Defendant opposes the motion on two grounds: First, that chapter 694 of the Laws of 1945 does not apply to notices required under subdivision 2 of section 157 of the Public Housing Law; secondly, assuming that such amendment could be construed to apply to the Public Housing Law, the language of the amending statute covers only " public corporations, as defined in the general corporation law," and that the defendant New York City Housing Authority is not such a public corporation.

Chapter 694 of the Laws of 1945 was adopted to effect uniformity through the State as to the requirements for notice of claims against municipal corporations. The amendment was probably the result of studies and recommendations by the Judicial Council (see Tenth Annual Report of N. Y. Judicial Council, 1944, pp. 265–283; Eleventh Annual Report of N. Y. Judicial Council, 1945, p. 51; Twelfth Annual Report of N. Y. Judicial Council, 1946, pp. 21–23, 59). The Legislature, however, in amending the General Municipal Law (§ 50-e; L. 1945, ch. 694), went beyond the recommendation of the Judicial Council which was limited to municipal corporations and provided by

section 14 of the amendment as follows: " § 14. This act shall take effect September first, nineteen hundred forty-five, and shall apply to claims against public corporations, as defined in the general corporation law, and their officers, appointees and employees, which were not barred by applicable statutory or case law in force prior to September first, nineteen hundred forty-five, but the periods now limited for the delivery of a notice of claim shall apply to all claims which arise prior to that date."

The amendment specifically applies to the laws above enumerated but does not mention the Public Housing Law. Therefore, the application of the amendment, if it does exist, must be found in section 14 covering " public corporations, as defined in the general corporation law ". Section 2 of the General Corporation Law provides: " A public corporation shall be either, 1. A municipal corporation, 2. A district corporation, or 3. A public benefit corporation."

Subdivision 1 of section 3 of the General Corporation Law defines a " public corporation " as including a " municipal corporation, a district corporation and a public benefit corporation." Subdivisions 2 and 3 thereof make it clear that the terms of such definition restrict defendant to the third classification, if covered at all therein. Plaintiff does not contend that defendant is either a municipal or a district corporation.

Subdivision 4 defines a " public benefit corporation " as one " organized to construct or operate a public improvement wholly or partly within the state, the profits from which enure to the benefit of this or other states, or to the people thereof."

Subdivision 2 of section 3 of the Public Housing Law specifically defines the defendant as a " public corporation which is a corporate governmental agency (except a county or municipal corporation) organized pursuant to law to accomplish any or all of the purposes specified in article eighteen of the constitution * * *." (Article XVIII of the State Constitution deals with public housing.)

Defendant derives its powers from chapter 4 of the Laws of 1934 as supplementary to chapter 823 of the Laws of 1926. Examination of the latter statutes would indicate that profits earned by defendant might not be confined to " this or other states, or to the people thereof ", but, in certain contingencies, might " enure " to private individuals. (See, for example, section 71 of article 5 of the State Housing Law as enacted by chapter 4 of the Laws of 1934.)

It should be noted further that the Judicial Council Studies and chapter 694 of the Laws of 1945 do not mention " authorities." Section 157 of the Public Housing Law provides the time and the manner of presenting claims and instituting actions " against authorities." The court cannot read into chapter 694 of the Laws of 1945 an intention to have that amendment apply to the defendant. While defendant is a " public corporation " it is not a " public corporation, as defined in the general corporation law ". Section 157 of the Public Housing Law requires notice of claim to be filed within six months. Section 50-e of the General Municipal Law as amended, requires notice shall be given within sixty days. To make such a change the Legislature shall have referred more clearly to section 157 of the Public Housing Law.

*Schorr* v. *New York City Housing Authority* (270 App. Div. 339), cited by plaintiff, is not in conflict with the conclusion herein reached, such decision merely holding that a " notice " sworn to by plaintiff was the equivalent of one " verified " by plaintiff. Even accepting the letter mailed to defendant as the equivalent of a formal notice of claim, it was neither " verified " nor even signed by plaintiff and failed to give the detailed information as to her personal injuries required by law.

It is within the sole power of the Legislature to prescribe the conditions under which a municipal or public corporation shall or shall not be sued. As pointed out by Chief Judge Cardozo in *Thomann* v. *City of Rochester* (256 N. Y. 165, 172), " The Legislature has said that a particular form of notice, conveyed with particular details to particular public officers, shall be a prerequisite to the right to sue. *The courts are without power to substitute something else.*" (Italics added.) (See, also, *Rockwell* v. *City of Syracuse*, 282 N. Y. 17, 19.)

The plaintiff cites *Belardinelli* v. *New York City Housing Authority* (187 Misc. 920) in which an amendment was permitted. In that case infants were seeking to recover for injuries and adults were suing for loss of services and expenses. The court distinguishes it from the present case where an adult is suing for injuries to herself. Motion to amend notice denied. Submit order.