In the Matter of Joseph C. Valente, Jr., an Infant, by His Guardian ad Litem, Mildred Valente, Petitioner, against New York City Housing Authority, Respondent.

Supreme Court, Special Term, Kings County, December 11, 1951.

*Hirschfeld & Romash* for petitioner.

*Irving Segal* for respondent.

Keogh, J.  This motion is made on behalf of an infant claimant pursuant to subdivision 5 of section 50-e of the General Municipal Law.  He seeks leave to serve a notice of claim upon the New York City Housing Authority after the expiration of the ninety-day period prescribed by subdivision 1 of said section.

The infant claimant was approximately two and a half years old at the time he sustained injuries allegedly due to the negligence of the New York City Housing Authority.  His notice of claim was served upon the New York City Housing Authority ninety-four days after the accident complained of; thereafter an action was commenced on the said claim in the Municipal Court.

Section 157 of the Public Housing Law permits the notice of claim to be served on the New York City Housing Authority within six months after the cause of action accrued.  Section 50-e of the General Municipal Law permits a notice of claim to be served within ninety days after the cause of action accrued.

The motion presents two basic questions: (1) Was the notice of claim served within the required time?  (2) If not, does this court have the power to relieve the infant claimant from such service at this juncture when the application is now made after the commencement of the action to enforce the claim, such action being presently pending?  If section 50-e (*supra*) has superseded section 157 (*supra*), the statutory time within which to file a claim is ninety days and not six months.

Section 157 was enacted in 1939 (L. 1939, ch. 808); section 50-e was enacted in 1945 (L. 1945, ch. 694).

Section 13 of chapter 694 of the Laws of 1945, effective September 1, 1945, provides: " The provisions of section fifty-e of the general municipal law, as added by this act, shall supersede inconsistent provisions of any general, special or local law, or charter provisions, and shall be controlling."

Since section 50-e, by its express language, is limited to claims against a public corporation, if the New York City Housing Authority is a public corporation within the meaning of that section, then it is clear that section 50-e has superseded section 157 and is controlling with respect to the time for serving tort claims against the New York City Housing Authority.

Such question has not been passed upon by any appellate court and the decisions of the courts at Special Term are in conflict. (See *Matter of Genise* v. *New York City Housing Authority,* N. Y. L. J., Nov. 20, 1951, p. 1312, col. 7, NOVA, J.; *Belardinelli* v. *New York City Housing Authority,* 187 Misc. 920; *Kaufman* v. *New York City Housing Authority,* 188 Misc. 877, affd. on other grounds 272 App. Div. 829, wherein the Appellate Division expressly left open the question as to whether section 50-e applies to claims against the New York City Housing Authority.)

This court finds that the powers and duties of the New York City Housing Authority come fairly within the legislative definition of a public benefit corporation and therefore is a public corporation. (General Corporation Law, §§ 2, 3, subd. 4; Public Housing Law, §§ 2, 3, subd. 2; N. Y. Const. art. XVIII; Public Authorities Law, § 1201; *Matter of New York City Housing Authority* v. *Muller,* 270 N. Y. 333.)

Subdivision 5 of section 50-e provides that: " Application for such leave must be made within the period of one year after the happening of the event upon which the claim is based, *and shall be made prior to the commencement of an action to enforce the claim ".* (Italics supplied.)

In the case at bar it appears that an action was heretofore commenced on behalf of the infant claimant against the New York City Housing Authority to enforce the claim which is the subject of this motion and that such action is still pending. Under the above-quoted language of subdivision 5 of section 50-e this court is totally without power or discretion to grant the relief sought while an action is pending to enforce the claim (*Matter of Martin* v. *School Board* [*Long Beach*], 301 N. Y. 233).

Motion denied. Submit order.