Hon. Victor Marrero Commissioner Division of Housing and Community Renewal
Receipt is acknowledged of your letter concerning the purchase by housing authorities under your supervision of products manufactured by the "severely handicapped" pursuant to the State Finance Law.
You ask my opinion whether municipal housing authorities are required to make purchases of suitable products from qualified charitable non-profit-making agencies for the blind or other severely handicapped pursuant to sections 175-a and 175-b of that law.
Section 175-b of the State Finance Law provides:
 "§ 175-b. Procurement of products of the blind and other severely handicapped by the state, political subdivisions and public benefit corporations.
 "1. Except as hereinafter provided, all suitable products, as determined by the commissioner of general services, hereafter procured by or for the state of any governmental agency or political subdivision or public benefit corporation thereof having their own purchasing agency, shall be procured in accordance with applicable specifications of the state office of general services or of such purchasing authority of a political subdivision or public benefit corporation
from qualified charitable non-profit-making agencies for the blind approved by the commissioner of social services and qualified charitable non-profit-making agencies for the other severely handicapped approved by the commissioner of education * * *" (Emphasis supplied.)
Section 175-a authorizes the Commissioner of General Services to determine the price of such products.
You mention that there is no reference to "a governmental agency" in the caption of section 175-b, nor in a portion of subdivision 1 of that section with respect to the applicable specifications.
Consequently, it must be determined whether a municipal housing authority is included within the class of those required to procure suitable products under these sections.
The Public Housing Law, section 3, subdivision 2, provides in part:
"§ 3. Definitions.
* * *
 "2. The term `authority' means a public corporation which is a corporate governmental agency (except a county or municipal corporation) organized pursuant to law to accomplish any or all of the purposes specified in article eighteen of the constitution and includes * * *"
By this definition, housing authorities are declared to be corporate governmental agencies.
Housing authorities are public corporations. By the terms of section 65, paragraph b of the General Construction Law, a public corporation shall be either "a municipal corporation or a district corporation or a public benefit corporation." A public benefit corporation is defined in section 66, subdivision 4 of the General Construction Law as:
 "* * * a corporation organized to construct or operate a public improvement wholly or partly within the State, the profits from which inure to the benefit of this or other states, or to the people thereof."
Under the terms of this statute, a municipal housing authority is a public benefit corporation. Such was the opinion of the New York Supreme Court, Kings County in Matter of Valente v N Y City Housing Authority:
 "This court finds that the powers and duties of the New York City Housing Authority come fairly within the definition of a public benefit corporation * * *" 201 Misc. 24, 27 (1951)
Having determined the status of municipal housing authorities as public benefit corporations, the omission of the term "governmental agency" in the caption and within a portion of the text of section 175-b of the State Finance Law has no bearing upon my conclusion.
From the foregoing, it is my opinion that municipal housing authorities are required to procure suitable products from qualified and approved charitable non-profit-making agencies for the blind and other severely handicapped whenever such products are available as provided for by sections 175-a and 175-b of the State Finance Law.